[No. 1565.  Decided February 8, 1895.]

SAMUEL BENN, *Respondent*, v. THE COUNTY OF CHE-HALIS *et al.*, *Appellants*.

ILLEGAL TAXATION — REMEDY BY INJUNCTION.

The fact that a taxpayer is by statute given the right to defeat the collection of an illegal tax whenever suit for its collection is instituted by the county, will not prejudice his right to maintain an action in the meantime to enjoin its collection and remove the apparent lien which constitutes a cloud upon his title.

*Appeal from Superior Court, Chehalis County.*

*George D. Schofield*, for appellants.

*Austin E. Griffiths*, for respondent:

Suit to remove a tax lien cloud may be brought any time after the tax is laid. *Roe v. Lincoln County*, 56 Wis. 66; *Peck v. School District*, 21 Wis. 523. An illegal tax lien is a cloud to be removed, although land is not in danger of sale for some time. *Scofield v. City of Lansing*, 17 Mich. 437; *Railroad Co. v. City of Marquette*, 35 Mich. 504; *Kinyon v. Duchene*, 21 Mich. 498; *Bramwell v. Guheen*, 29 Pac. 110; 25 Am. & Eng. Enc. Law, 65, 204, 225, 227, 238, 269, and notes. An arbitrary assessment is void, and equity will afford re-

lief. *Waller v. Hughes*, 11 Pac. 122; *Wattles v. Lapeer*, 40 Mich. 624; *Otter Tail County v. Batchelder*, 50 N. W. 536; *Merrill v. Humphrey*, 24 Mich. 170; Cooley, Taxation, 409–412, 784, 785, and notes.

The opinion of the court was delivered by

Hoyt, C. J.—It was alleged in the complaint in this action that the plaintiff was the owner of several hundred lots or parcels of land situated in Chehalis county; that the same had been listed on the tax rolls of said county for the year 1893, and had been valued by the assessor without his having viewed the same as required by the statute; that the valuation placed upon each of said pieces of property was double the actual value thereof at the time to which such valuation related; that by reason of such illegal valuation, taxes had been assessed against the property aggregating the sum of $2,827.80, and that if the same had been assessed at its actual cash value the aggregate of taxes thereon would have been only $1,447.52. In addition to these and other facts tending to show the illegality of the assessment and levy, there were the usual allegations of tender of the amount rightfully due to the treasurer, and of a refusal by him to accept less than the amount shown by the tax roll. The prayer of the complaint was that the defendant, the county treasurer, should be required to receive the said amount of $1,447.52 in full payment for all taxes for said year, upon the property described, and that he and the other defendants should be restrained from proceeding to collect the taxes in accordance with the warrant attached to the tax roll.

To this complaint a demurrer was interposed on the part of all of the defendants, which was overruled by the court. The defendants elected to stand upon their

demurrer, and refused to answer. Whereupon judgment was entered for plaintiff in accordance with the prayer of his complaint.

It is evident from what we have said that the facts stated in the complaint made it clear that there had been no such assessment of the property in question for taxation as the statute required, and that the levy of the taxes thereon shown by the tax roll was illegal. That such would be the result of an assessment and levy made in the manner set out in the complaint is not denied by the appellants. They substantially admit that if the facts alleged in the complaint were made to appear by way of objections to the rendition of a judgment against the property for the taxes levied thereon, it would be the duty of the court to reduce the taxes to the sum of $1,447.52, and interest thereon, and enter judgment for that amount instead of for the amount assessed against the property. They, however, seek to have the judgment reversed upon the ground that the facts stated did not warrant the interposition of a court of equity. Their contention in that regard is that since the statute has provided a remedy for excessive taxation by allowing objections on that account to be urged against a rendition of judgment for the taxes, such remedy is exclusive, and deprives a taxpayer of other remedies to which he would have been entitled but for such provision of the statute.

We are unable to agree with this contention. The result of its being sustained by the courts would be to leave the property of a taxpayer for two years subject to an apparent lien for taxes which by reason of the illegality of the assessment did not in fact constitute a lien. From the time the taxes are spread upon the tax roll until paid or set aside by a decree of court, they are a substantial cloud upon the title to the prop-

erty.   Hence, to compel a taxpayer to deal with his property subject to such cloud for two years, when by going into a court of equity the same substantial justice can be done as upon objections to the rendition of judgment for such taxes, is to impose a hardship which courts of equity are specially constituted to prevent.

Upon the conceded facts as to the assessment and taxation in question, it would be the duty of the court when the county, at the end of two years asked for judgment for the taxes in question, upon objections by the owner of the property, to reduce the amount thereof and provide for the collection only of such remainder as under all the circumstances should seem just.   The result to the county would be the same as though its proper officers were now required to receive such sum as would be just, and be thereafter prohibited from collecting the remainder.   And since that was the object sought by the plaintiff in this action, the granting of the prayer of his complaint upon the confession of the facts stated therein, was within the jurisdiction of a court of equity.

Some objections to the complaint for want of proper parties have been urged here, but as they were not made in the lower court they furnish no reasons for reversal.

The judgment will be affirmed.

SCOTT, DUNBAR, GORDON and ANDERS, JJ., concur.