[No. 3553. Decided March 30, 1901.]

LEWISTON WATER & POWER COMPANY, *Appellant*, v. COUNTY OF ASOTIN *et al., Respondents*.

TAXATION — ENJOINING VOID TAX — JURISDICTION.

The superior court has jurisdiction of an action instituted to enjoin the collection of an illegal and void tax, and the property owner is not confined to proceedings before the board of equalization or appeal therefrom.

SAME — TENDER OF DUE TAX.

Where an action is brought to enjoin the collection of a tax alleged to be void, no tender is necessary, under the terms

of Bal. Code, § 5678, which requires the payment or tender of what is justly due as a prerequisite to suit.

SAME.

Under the requirements of Bal. Code, §5678, it is sufficient to plead payment and tender of the taxes justly admitted to be due, without tendering such portion of the tax as is claimed to be illegal.

SAME — CORPORATE STOCK — DOUBLE TAXATION.

The separate listing and taxation of the capital stock of a corporation and its real and personal property, where the capital stock is all invested in the real and personal property, is double taxation, and therefore illegal, in the absence of specific legislation authorizing it.

SAME — PLEADING.

In an action to enjoin the collection of taxes illegally assessed, an allegation in the complaint that the real and personal property of a corporation had been assessed; that at the same time its capital stock was listed and assessed; and that all the proceeds of the capital stock were invested in the real and personal property assessed, is a sufficient averment, as against a general demurrer, that all the capital stock is invested in said real and personal property.

Appeal from Superior Court, Asotin County.—Hon. MELVIN M. GODMAN, Judge.  Reversed.

*Sturdevant & Bailey,* for appellant.

*Walter Brooks,* Prosecuting Attorney, and *Gose & Kuykendall,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Appellant commenced suit to enjoin the collection of a tax of $256.60, levied upon its capital stock, assessed at a valuation of $10,000, for the year 1897.  The complaint substantially states that appellant is a domestic corporation with a capital stock of $250,000.  The corporation was formed for the purpose of acquiring and conveying water by conduits through pipes and canals on

Asotin creek, in Asotin county, to and upon adjacent lands, for irrigation and domestic uses and for manufacturing purposes; to generate electric and other power for manufacturing and other purposes; to convey, use, and sell water for mining purposes; to hold, convey, and condemn real estate in the states of Washington and Idaho; to borrow money on notes and bonds; and to mortgage property of the company therefor.   It is alleged that in March, 1897, plaintiff owned in Asotin county a large amount of real estate subject to assessment, and that it was returned by the assessor at the aggregate value of $58,670, and a description of the real estate so assessed is set out; that during the same month the personal property of the appellant was assessed; that at the same time the assessor listed and assessed the capital stock of plaintiff at $10,000, and the amount of the tax levied thereon was $256.60; that all the proceeds of the capital stock were invested in the real and personal property assessed; that in August, 1897, the appellant duly appeared before the county board of equalization at the proper time and demanded of the board that the capital stock so listed and assessed be stricken from the rolls and the tax be not extended thereon, which request was refused by the board; that all the taxes due have been paid except the sum of $12.06, assessed and due on the personal property other than the capital stock, which has been duly tendered.   Demurrers were filed separately by the respective respondents, each setting up two grounds; (1) that the court has no jurisdiction of the subject matter of the action; (2) that the amended complaint does not state facts sufficient to constitute a cause of action.   The complaint alleges also that the assessment of the capital stock of the appellant corporation is illegal and void.

1.   Relative to the first ground of demurrer, it may be

noted that the complaint alleges that the assessment upon the capital stock is illegal and void. Ballinger's Code, § 5678, requires the payment or tender of what is justly due on property assessed, but where the assessment is alleged to be void there is no payment or tender required. The plea of payment and tender of the taxes justly admitted to be due, as stated in the complaint, was sufficient, under the rule announced in *Landes Estate Co. v. Clallam County,* 19 Wash. 569 (53 Pac. 670). That an action may be maintained against a void assessment or tax levied has been ruled in *Benn v. Chehalis County,* 11 Wash. 134 (39 Pac. 365), and *Kinsman v. Spokane,* 20 Wash. 118 (54 Pac. 934, 72 Am. St. Rep. 24). The court had jurisdiction of the subject matter of the action.

2.   The complaint is not so clear in its statements as it should be, but its allegations, taken together and as understood by counsel for both parties, seem to sufficiently charge that the assessment levied upon the capital stock of the appellant corporation is void; that the corporation having been duly assessed upon all its property, both real and personal, the valuation of the capital stock could not be added thereto. It is alleged that the capital stock, or the proceeds, is invested in the real and personal property assessed. It is true that counsel for respondents criticize the language of the complaint as not averring properly that the capital stock is invested in all the property. We think, however, as against a general demurrer, the allegations must be taken to state this fact. It is maintained by counsel for appellant that in the assessment of the shares of capital stock of a domestic corporation, where the property is all assessed to the corporation in which such capital stock is invested, a duplicate assessment and double tax is levied. We think this is correct. Judge Cooley on Taxation (2d ed.), p. 225, observes of double taxation:

"The same may be said of a tax on the property of a corporation and also on the capital which is invested in the property; if the latter is taxed as property, this also is duplicate taxation, and as much unequal as would be the taxation of a farmer's stock by value when on the same basis it is taxed as a part of his general property. When, for instance, the money paid in as capital of a manufacturing corporation has been invested in buildings and machinery, these are what then represent the capital, and to tax the capital as valuable property distinct from that which then represents it would be to tax a mere shadow; it would be to make the shadow stand for the substance in order that it might be taxed, when the substance itself is taxed directly under its own proper designation. We do not speak here of a taxation of the property and also of the *franchise,* those being two things, . . ."

To the same effect is the rule applied in *People ex rel. Burke v. Badlam,* 57 Cal. 594. The court, by Judge Ross, observed:

"Now, what is the stock of a corporation but its property—consisting of its franchise and such other property as the corporation may own? Of what else does its stock consist? If all this is taken away, what remains? Obviously nothing. When, therefore, all of the property of the corporation is assessed—its franchise and all of its other property of every character—then all of the stock of the corporation is assessed, and the mandate of the constitution is complied with. . . . The share of each stockholder is undoubtedly property, but it is an interest in the very property held by the corporation. It is his right to a proportionate share of the dividends and other property of the corporation—nothing more."

Referring to this case with approval, the same court, in *Spring Valley Water Works v. Schottler,* 62 Cal. 69, reaches the conclusion that when the law is complied with by assessing all the property of the corporation, which property includes the franchise of the corporation, to as-

sess the shares will be double taxation, because it would be in effect to assess the same property twice for the same tax, which the constitution forbids.  It is held that the franchise of a corporation of the character of those named in the petition is the property of the corporation and that *as property* it is taxable; and while it has been declared by this court that double taxation is not necessarily inhibited by our constitution,—*Commercial Electric Light & Power Co. v. Judson,* 21 Wash. 49 (56 Pac. 829), yet it was observed in *Ridpath v. Spokane County,* 23 Wash. 436 (63 Pac. 261):

"While the legislature may so adjust the revenue system as to occasion double taxation, such taxation will not be inferred unless necessarily imposed in carrying out the law."

The list made up by the assessor under our revenue law is upon the valuation of property.  We think, when all the property into which the capital stock of the corporation entered was assessed, the valuation of the corporation's property was complete.  At the present stage of this suit we have no information beyond the statement that all the real and personal property was assessed.  In the case of *Ridpath v. Spokane County, supra,* the statute for the assessment of the property of domestic corporations in the state was set out, and it was there determined that the capital stock of such a corporation whose property was assessable in the state could not be assessed to the individual stockholders resident in the state.  It was there observed of property assessable to such a corporation:

"This includes both tangible and intangible property. The tangible property may be valued in connection with its use with the intangible."

It has been repeatedly determined that the corporate franchises must be assessed to the corporation.  *Commer-*

*cial Electric L. & P. Co. v. Judson,* *supra;* *Edison Electric Illuminating Co. v. Spokane County,* 22 Wash. 168 (60 Pac. 132); *Chehalis Boom Co. v. Chehalis County, ante,* p. 135.

But it is not contended by counsel for respondents that this tax is on the franchises of the company, though it is intimated that the tax might be upon other property of the company than real and personal property listed, and that the assessor's listing of the capital stock for assessment may be merely an erroneous classification, and not to the prejudice of the appellant. It is not, however, disclosed in any way that this assessment is not upon the capital stock, in addition to the other property which was properly assessed. The implication fairly deducible from the complaint, and which we have accepted, raises the question of the validity of the assessment upon the capital stock as such, and in addition to the other property of the company. It is true that, in the assessment of corporate franchises and privileges and intangible property, the assessor may properly examine the amount and value of the capital stock. It should be returned to him by the proper officer of the corporation for his information. One method of the valuation of the intangible property of the corporation, and a very fair one, is the market value of all the capital stock over and above the value of its tangible real and personal property. This method is approved by high authority. Cooley, Taxation (2d ed.), p. 230, and authorities cited in the margin; *Spring Valley Water Works v. Schottler, supra.*

But, as we have seen, the assessment of the capital stock of a domestic corporation which has all its property in which the capital stock is invested already assessed is duplicate taxation, and this latter result will not be inferred without specific legislation. It may be further

observed that § 1676, Bal. Code, in providing the method for the assessment of domestic corporations such as this, does not contemplate duplicate taxation.

The judgment is reversed, with direction to overrule the demurrers to the complaint, and for further proceedings in accord with this opinion.

DUNBAR, FULLERTON and ANDERS, JJ., concur.