[No. 3570. Decided April 16, 1901.]

NORTH WESTERN LUMBER COMPANY, *Appellant,* v. CHEHALIS COUNTY *et al., Respondents.*

TAXATION — ILLEGAL ASSESSMENT — REMEDY BY INJUNCTION.

The courts of this state have power by injunction to restrain the enforcement of an illegal tax upon real property and to remove the apparent lien created by the invalid levy.

SAME — PLACE OF TAXATION — PERSONAL PROPERTY OF CORPORATION.

Section 9 of the act of March 15, 1893 (Laws 1893, p. 327), which provides that personal property pertaining to the business of a manufacturer shall be listed in the town or place where his business is carried on, must be construed in connection with other sections of the same act which require corporeal personal property to be assessed in the school district and road district in which it is actually situated at the time the assessment is made, and hence a milling corporation which has its office and part of its personal property within the corporate boundaries of a town cannot be assessed for municipal taxation upon its corporeal personal property which is situated just beyond the corporate limits of the municipality.

Appeal from Superior Court, Chehalis County.—Hon. JAMES A. WILLIAMSON, Judge. Reversed.

*Sidney Moor Heath,* for appellant.

*George D. Schofield* and *Irwin & Bridges,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant is a private corporation engaged in the business of manufacturing and selling lumber and lumber products in Chehalis county, in this state. The respondent John G. Lewis is the treasurer of Chehalis county, and *ex officio* tax collector of the respondent town of Hoquiam, which is a municipal corporation of the fourth class. The town of Hoquiam was incorporated pursuant to the general laws of this state by proceedings had before the county commissioners of Chehalis county. In these proceedings the territory embraced within the corporate limits of the town was not described by metes and bounds, but by reference to certain town plats then on file with the county auditor, mentioning them by name only. The plats did not describe adjoining lands, and the town as incorporated was composed of two distinct tracts separated by the Hoquiam river, along which at this point the tide ebbs and flows. Between the main portion of the town and Gray's Harbor is a strip of tide lands, which also is excluded from the boundaries of the town as described. In 1894 the appellant had in the Hoquiam river and on the tide lands adjoining it and the tide lands between the town and Gray's Harbor a large amount of personal property, consisting of saw logs, lumber, wharves, docks, milling machinery, and the usual equipments found about a sawmill property, which was subject to taxation in the county of Chehalis for state, county, and school purposes. The appellant's mill office and certain of its personal property was within the corporate boundaries of the town of Hoquiam, and in making its return to the as-

sessor the appellant listed its property in such manner as to show what was within and what was without the town. The assessor, conceiving that all of the property was assessable for municipal purposes by the town of Hoquiam, returned it upon the assessment rolls as such.   The appellant paid the state, county and school taxes levied thereon, tendered to the treasurer the amount which it admitted could be lawfully assessed by the town of Hoquiam, and refused to pay the remainder.   The treasurer thereupon levied upon and advertised for sale certain of the appellant's property for the purpose of making the amount of the assessment, and this action is brought to enjoin such sale, and to have the tax levy declared void.

As a preliminary question, the respondent urges that the action will not lie; that equity will not enjoin the seizure and sale of personal property when levied upon by an officer for unpaid taxes, even though the tax sought to be collected is void, but that the remedy is by an action at law for damages.   Whatever may be the rule on this point in other jurisdictions, this court has taken the opposite view.   We have repeatedly held that the courts have power by injunction to restrain the enforcement of an illegal tax upon real property, and to remove the apparent lien created by the invalid levy.   In *Phelan v. Smith,* 22 Wash. 397 (61 Pac. 31), we applied the rule to personal property, saying that "the principle is exactly the same, and the interference with the powers of the government in the collection of its revenue is the same."   This case is decisive of the question here raised, and it is unnecessary to pursue the inquiry further.

It is next said that the property was within the corporate limits of the town of Hoquiam.   The argument in support of this is, that the boundaries of the town as fixed by the board of county commissioners are vague and indefi-

nite and that, when this condition exists, the practical interpretation as to boundaries given the incorporation proceedings by the corporate authorities, should be controlling upon the courts. Whether the officers of the municipality ever contended in any other instance than this, that the territory upon which this personalty was situate is within the corporate limits of the town, the record is silent, and this one instance would hardly be sufficient to establish the general rule. But perhaps the best answer to this contention is to say that the boundaries of the town as fixed by the commissioners are not indefinite. The plats mentioned covered specific tracts of land, capable, as the copies of the plats exhibited in the record show, of exact demarcation. They show clearly that the tract in question was not included in any of the plats, and hence there is no room for the application of the rule contended for, even were the evidence sufficient to furnish a just basis for its application.

Lastly, it is contended that the property was properly assessable by the town of Hoquiam because the mill office of the appellant was located within the town. Our attention is called to § 9 of the act of March 15, 1893 (Session Laws 1893, p. 327), as determinative of this question. That section is as follows:

"Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county where the owner or agent resides. If there be no principal office or place of business in this state, then at the place in this state where any such corporation or person transacts business. The personal property pertaining to the business of a merchant or of a manufacturer shall be listed in the town or place where his business is carried on."

Standing alone, this section might lend color to the respondent's contention, but subsequent sections of the act

require corporeal personal property to be assessed in the school district and road district in which it is actually situated at the time the assessment is made, regardless of whether the owner has his principal place of business or resides within such districts or not. It is plain that, if § 9 is to be given the construction contended for, these subsequent sections will be rendered inoperative, and we think this character of personalty must be held to fall within the exception contained in that section, and must be assessed at the place of its location, and not at the residence or place of business of its owner.

The judgment is reversed, and the cause remanded, with instructions to enter a judgment in favor of the appellant in accordance with the first, second, and sixth subdivisions of the prayer of its amended complaint.

REAVIS, C. J., and DUNBAR AND ANDERS, JJ., concur.