[No. 5009. Decided May 31, 1904.]

A. A. PHILLIPS *et al., as Executors of the Estate of Abbie H. H. Stuart, Deceased, Appellants,* v. THURSTON COUNTY *et al., Respondents.*[1]

TAXATION — ASSESSMENT — OMITTED PROPERTY — DUTY OF ASSESSOR—UNAUTHORIZED ORDER OF COMMISSIONERS.  The county assessor may, on his own motion, enter for assessment on the list of the current year, any property omitted from the list of any preceding year, and the fact that the county commissioners made an unauthorized order that he do so, does not affect the validity of such an assessment, or show that the assessor did not exercise his own discretion in the matter.

SAME — EXCESSIVE ASSESSMENT — VALIDITY — JURISDICTION OF COURTS TO RESTRAIN COLLECTION.  Where the assessor adds to the current assessment, personal property omitted in the preceding year, in a grossly excessive amount, or makes an assessment based upon property not owned by the party or not subject to taxation, the same is void, and the courts have jurisdiction to inquire into the propriety thereof, and to set aside the excess, or restrain its collection.

SAME—TENDER OF TAX JUSTLY DUE—BRINGING TENDER INTO COURT—ESTATE ALREADY IN COURT.  In such a case a tender of the amount of the tax due, made before suit and renewed in the complaint, need not be brought into court, where the property assessed belonged to an estate in the process of administration then under the control of the same court, at least, not without a specific objection on that ground.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered November 17, 1903, upon sustaining a demurrer to the complaint, dismissing an action to restrain the collection of a tax.  Reversed.

*T. N. Allen,* for appellants.
*F. C. Owings,* for respondents.

FULLERTON, C. J.—The appellants, as executors of the estate of Abbie H. H. Stuart, deceased, brought this action

[1]Reported in 76 Pac. 993.

to enjoin the respondent and its officers from attempting to collect a tax levied against personal property formerly belonging to their testatrix. The trial court sustained a general demurrer to the complaint, and, upon the refusal of the appellants to plead further, entered a judgment of dismissal, and for costs, in favor of the respondents. The ultimate question therefore is, does the complaint state facts sufficient to constitute a cause of action.

In the complaint it is alleged, in substance, that on April 17, 1901, Mrs. Stuart made out a detail list of her personal property subject to taxation in Thurston county, subscribed and made oath to the same as required by law and delivered it to the county assessor, who assessed the property thereon listed at $2,075. Later, Mrs. Stuart died without having paid the taxes. In her will she named the appellants as her executors. They accepted the trust, and, in the performance of their duties as such, paid the taxes assessed upon her property for the year named. Afterwards, and in 1902, the board of county commissioners of Thurston county, conceiving apparently that Mrs. Stuart had omitted from her detail list a large amount of personal property, then owned by her and subject to taxation, directed that the assessor assess the same for the year 1901, as property omitted from the assessment roll for that year, at a valuation of $35,746. Later they directed that the amount of tax paid by the executors on the personal property of the estate for that year be deducted from the amount of the levy. The assessor thereupon assessed the personal property mentioned, for the year 1901, at the amount named in the commissioner's order, as property "inadvertently omitted in that year," notice of which was duly given the executors. On this valuation, a tax was levied of $1,284.45. In

making the assessment, however, the assessor did not undertake to list the property omitted. He valued it in one lump sum under the general head of "personal property."

On receipt of the notice above mentioned, the executors undertook to ascertain what personal property Mrs. Stuart owned subject to taxation in Thurston county in the year 1901. As a result of their investigation, they found property which might possibly have been subject to taxation for that year, of the value of $10,849.80, which, after deducting the amount given in by Mrs. Stuart, would leave $8,814.80 that had not been assessed. On this sum they offered to pay taxes for the year 1901, as in full for all of the taxes legally due for that year on testatrix' personal property, but this offer was rejected by the county officers. The complaint concludes with allegations to the effect that the attempted assessment was made without any reference to the property actually owned by Mrs. Stuart, and subject to taxation for the year named, and was wholly arbitrary and void. They offer, however, in satisfaction of the claim of the county, to pay taxes on the property to a valuation equal to $8,814.80, which they concede might possibly have been subject to taxation for the year 1901.

The appellants have proceeded on the theory, and their counsel contend in this court, that there is no authority or warrant in law for the board of county commissioners, sitting as a board of equalization or otherwise, to order the assessor to make an assessment of property omitted from the assessment roll of a previous year, and no warrant in law for the assessor to make any such assessment. The appellants are mistaken, however, as regards the assessor. The statute provides that the assessor, upon his own motion, or upon the application of any taxpayer,

shall enter in the detail and assessment list of the current year, any property shown to be omitted from the list of any preceding year. Pierce's Code, § 8640. This is ample authority to warrant the assessor in placing on the list for the current year any property omitted for the previous year, and warranted the assessor in making the assessment he made in this case, if it be true that personal property of Mrs. Stuart, to the value mentioned, had not been assessed for the year 1901. The fact that the board of county commissioners, sitting as a board of equalization, may have directed the assessment to be made, does not alter the case. The assessor, notwithstanding the direction may come to him in the form of an order from that board, has the right to exercise his discretion in the matter, and there is nothing in the complaint to show that it was not so exercised in this instance. The assessment is valid, therefore, to the extent of the value of the property assessed.

But, notwithstanding this, we think there is enough in the complaint to show that the valuation of the property omitted was either grossly excessive, or that the assessment was based on property not owned by Mrs. Stuart, or not subject to taxation in Thurston county in the year 1901. For these excesses, the levy was clearly void, and the complaint, we think, was sufficient to require the court to inquire into them, and, if he found either such a disparity in the valuations as the complaint discloses, or that a part of the levy was made on property not subject to taxation, to set aside the excess of tax. In this state the courts have jurisdiction to inquire into the validity of a tax levy on personal property, and to restrain the collection thereof, if found void, at the suit of the injured party, if the tax be due and payable and a levy on the

part of collecting officers is threatened. *Phelan v. Smith,* 22 Wash. 397, 61 Pac. 31; *Northwestern Lumber Co. v. Chehalis County,* 24 Wash. 626, 64 Pac. 787.

The respondents contend, however, that the demurrer was properly sustained because the complainants do not bring into court the amount of tax they concede to be due. The appellants prosecute this action in a fiduciary capacity. The trust fund which they represent is now under the control of the court. For these reasons, we think it may be doubtful whether the rule requiring a tender of the tax admitted to be due applies with all of its strictness. A tender in fact, however, was made, and the appellants have in their complaint renewed their offer to pay. Their action will not be dismissed for a mere failure to bring the money into court, unless a specific objection is made on that ground, and they have been placed in default for not so doing.

The judgment appealed from is reversed, and the cause remanded for further proceedings.

ANDERS, MOUNT, and HADLEY, JJ., concur.

DUNBAR, J., concurs in the result.