KING COUNTY, WASH., et al. v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. May 13, 1912.)

No. 2,065.

1. TAXATION (§ 608*)—REMEDIES AGAINST WRONGFUL ENFORCEMENT—INJUNCTION.

A court of equity has jurisdiction of a suit to enjoin the collection of a tax, where it is alleged that the tax is illegal, and throws a cloud upon the title of real property, and its enforcement will produce irreparable injury because a portion of it when collected will be paid over to the state, and no action can be maintained for its recovery.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

2. TAXATION (§ 608*)—REMEDIES AGAINST WRONGFUL ENFORCEMENT—INJUNCTION—EQUITIES.

The collection of a tax will not be enjoined on account of disregard of statutory requirements in the process of assessing property which are not of such a nature as to affect the substantial justice of the tax itself or work irreparable injury to the rights of complainant, and it is not ground for an injunction to restrain the collection of the tax imposed by a county on the property of a railroad company that the assessment on complainant's property was raised by order of the Board of Tax Commissioners of the state in that county alone, where it appears that, as made, it was not higher than other classes of property were assessed in the county, and was only a percentage of actual value, whereas the statute required its assessment at full value.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

3. COMMERCE (§ 69*)—FRANCHISE TAX ON RAILROAD COMPANY—INTERSTATE COMMERCE.

A franchise tax imposed locally on a railroad doing an interstate business is invalid, as a burden on interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 100, 113–119; Dec. Dig. § 69.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Suit in equity by the Northern Pacific Railway Company against King County, Wash., and others. Decree for complainants, and defendant appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The appellee filed its bill to enjoin the appellants from proceeding to collect a tax levied upon its roadbed and operating property by the county board of equalization of King county in the year 1907. The injunction was sought on the ground that the tax was illegal and in conflict with the statutes of the state. The bill alleged that the State Board of Tax Commissioners in January, 1906, classified the different railroad properties of the state for the purpose of assessment and taxation for the years 1906 and 1907, and that it did fix the valuation and assessment for the purposes of taxation of different classes of railway tracks as follows: All railway tracks classified as first class at $14,520 per mile; all railway tracks classified under first class B at $10,560 per mile; all tracks classified as second class at $7,920 per mile; all railway tracks of third class at $4,752 per mile; all railway tracks of fourth class at $2,112 per mile, and all railway tracks classified as second track at $7,920 per mile. The bill further alleged that the Board of Tax Commissioners gave the various county assessors of the state advice and direction to place the said valuation upon the property of railroad companies for assessment purposes, and that those directions were followed throughout the state in the year 1906. The bill then alleges that for the purposes of assessment and taxation for the year 1907 the county assessor of King county listed the appellee's lines of tracks at the valuation as equalized by the county board of equalization in the year 1906, but that in the month of August, 1907, the board of equalization of King county, acting at the instance and direction of one of the members of said Board of Tax Commissioners, who claimed to represent the board, raised the valuation of the assessment so fixed in the year 1906 for the years 1906 and 1907 to $25,410 per mile for first-class railroad tracks, and made similar increase of assessment on other classes of the appellee's property, and that this was done against the protest of the appellee, which was duly made to said board of equalization. The bill alleges that the Board of Tax Commissioners did not give directions to any other assessor or board of equalization in any other county of the state than King county in 1907 to raise the valuation as fixed in 1906, and that, as the result thereof, the value of the lines of the track of the appellee was not proportioned among the several counties through which its road passes in the proportion that the mileage of each county bears to the entire mileage of the state. It was further alleged in the bill that the property of the appellee had been overvalued in the assessment complained of, as compared with the assessment and valuation of other property in King county; that the appellee's property had been assessed at 30 per cent. of its value, whereas other property had been assessed at but 25 per cent. of its value. This ground for relief was subsequently abandoned, and counsel for the appellee withdrew from consideration in the case that feature of the bill. A separate ground of relief alleged was that for the year 1907 the assessor of King county assessed the appellee's operating franchise, and placed a valuation thereon of $100,000 as an assessment against its personal property, whereas the same had been covered by, and formed a part of, the valuation fixed and assessed upon the operating property of the appellee, the result whereof was double taxation upon the appellee's property. The appellee alleged due tender of taxes on its property in King county as it had been assessed for the year 1906. The answer denied that the classification made by the Board of Tax Commissioners in January, 1906, was made for any other than that year, and it alleged that the county board of equalization of King county, in the month of August, 1907, acting at the instance and direction of the State Board of Tax Commissioners, raised the valuation of the assessment for the year 1907 on all rights of way and substructures and superstructures of the appellee situate in King county. Upon the issues and the testimony, the court enjoined the appellants from further proceeding to collect the tax, and directed that the appellants issue to the appellee upon the payment of the sum tendered a receipt in full for all taxes for the year 1907.

Section 2, art. 7, of the Constitution, required that the Legislature shall provide by law a uniform and equal rate of assessment and taxation of all property in the state, according to its value in money, and shall prescribe such regulation by general laws, as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in pro-

portion to the value of his, or her, or its property. The Revenue Act of 1897 (Laws 1897, p. 150), in section 32, provides as follows: "The value of the railroad track shall be listed and taxed in the several counties in the proportion that the value of the main line in such county bears to the whole length of the road in the state, except the value of the side or second tracks and all turnouts, and all station houses, depots, machine shops or other buildings belonging to the road, which shall be taxed in the county in which the same are located." Section 34 provides that "the rolling stock shall be listed in the several counties in the proportion that the length of the main track used or operated in said county bears to the whole length of the whole road used or operated by such person, company, or corporation." Section 42 provides that "all property shall be assessed at its true and fair value in money. In determining the true and fair value of real or personal property, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation." By the Laws of 1905 a Board of Tax Commissioners was created. Laws 1905, p. 224. Subdivision 2 of section 2 provides that the commissioners "shall have power, and it shall be their duty to exercise general supervision over assessors and county boards of equalization, and the determination and assessment of the taxable property in the several counties, cities and towns of the state, to the end that all taxable property in this state shall be placed upon the assessment rolls and equalized between persons, corporations and companies in the several counties of this state, and between the different municipalities and counties therein, so that equality of taxation shall be secured according to the provisions of existing laws."

John F. Murphy and Robert H. Evans, both of Seattle, Wash., for appellant.

Geo. T. Reid, J. W. Quick, L. B. da Ponte, all of Tacoma, Wash., and C. H. Winders, of Seattle, Wash., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] We find no error in the ruling of the trial court that the case was of equitable cognizance. In Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65, it was said:

"A suit in equity will not lie to restrain the collection of a tax on the sole ground that it is illegal. There must exist, in addition, special circumstances bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant."

It is not alleged here that there are any special grounds of equitable jurisdiction except the fact that the enforcement of the assessment would throw a cloud upon the title of the appellee's property. In Ogden City v. Armstrong, 168 U. S. 224, 18 Sup. Ct. 98, 42 L. Ed. 444, the doctrine was reaffirmed that a court of equity will interfere to enjoin an illegal tax which will create a cloud upon title to real property. Nor is the case one in which there is an adequate remedy at law. The contention that the appellee may pay the tax and thereafter recover it in an action at law does not suggest an adequate remedy, nor, indeed, any remedy at all as to a portion of the tax, for a portion of it goes to the state, and no action may be brought against the state to recover the same. Raymond v. Chicago Traction Co., 207 U. S. 20, 28 Sup. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757.

[2] In the case of Great Northern R. Co. v. Snohomish County,

48 Wash. 478, 93 Pac. 924, the Supreme Court of the state held that the act creating the Board of Tax Commissioners gave them general supervision over assessors and county boards of equalization in the matter of assessment of property lying in different counties of the state. In that case the county assessor of Snohomish county had disregarded the instruction of the State Tax Commission, and had assessed railway property within that county at a higher rate than that adopted in the other counties by order of said commissioners, and the court said:

· "The acts of the Snohomish county officials in disregard of the lawful orders and directions of their superior officers were void and of no effect."

The case was before the court on a demurrer to the complaint. It was subsequently again before the court on the merits in Great Northern R. Co. v. Snohomish County, 54 Wash. 23, 102 Pac. 881, where further discussion was had of the law applicable to the case. It is contended that the decisions in those two cases are decisive of the questions involved in the case at bar. There is this difference, however, in the issues which were there presented and those which are now before this court: In that case the court assumed that the property of the railroad company had been assessed as high as other property, and the fact which controlled decision was that the county assessor in Snohomish county had disregarded the instructions of the Board of Tax Commissioners, and had increased the assessment in that county. In the present case the board of equalization of King county followed and obeyed the instructions of the Board of Tax Commissioners. It is true that the officers of the other counties received no such instruction, but the irregularity of the proceedings consists not so much in the fact that the assessment in King county was increased, as it does in the fact that the assessments in the other counties were not increased proportionately thereto. We are not primarily concerned, however, with what was done in those counties. The question here is, Was the action of the board of equalization of King county, which was done in pursuance of authority from the Board of Tax Commissioners, rendered void by the fact that that board omitted to give like instructions to other county officials?

The appellee comes into a court of equity seeking relief against a tax by which, according to the allegations of its bill, its property was assessed at but 30 per cent. of its value, in the face of a statute which required that it be assessed at its full value. By the proofs in the case it is established beyond dispute that other property in King county was assessed as high as 60 per cent. of its full value, and that the appellee's property by the assessment which is complained of was still underassessed as compared with other property in the county. If the Board of Tax Commissioners had required the boards of equalization of all the other counties through which the appellee's road extends to raise their assessments proportionately, confessedly the appellee would have had no ground for complaint against the tax of 1907. But it is said that the assessment made by the board of equalization in King county was illegal, not because the appellee's property was overassessed in that county, but because its road was not assessed

in the same proportion in the other counties. The statute which requires that all property shall be assessed at its full fair value is certainly not less authoritative than the statute which requires that the value of the railroad track shall be assessed proportionately in each county. It being established that the tax on the appellee's property in King county is not unjust or inequitable, and is not greater than the appellee ought to pay, we are unable to see where there is ground for its application to a court of equity for relief. In State Railroad Tax Cases, 92 U. S. 613, 615, 23 L. Ed. 663, Mr. Justice Miller said:

"A court of equity is therefore hampered in the exercise of its jurisdiction by the necessity of enjoining the tax complained of in whole or in part, without any power of doing complete justice by making, or causing to be made, a new assessment on any principle it may decide to be the right one. In this manner it may, by enjoining the levy, enable the complainant to escape wholly the tax for the period of time complained of, though it be obvious that he ought to pay a tax, if imposed in the proper manner."

It is well settled that the collection of a tax will not be enjoined on account of disregard of statutory requirements in the process of assessing property, "which are not of such a nature as to affect the substantial justice of the tax itself, or work irreparable injury to the rights of the complainant." 37 Cyc. 1262; Mercantile Nat. Bank v. Hubbard (C. C.) 98 Fed. 465, affirmed in 186 U. S. 458, 22 Sup. Ct. 908, 46 L. Ed. 1247, sub nom. Lander v. Mercantile Bank; Kansas City, Ft. S. & M. R. Co. v. King, 120 Fed. 614, 57 C. C. A. 278; Hixon v. Oneida County, 82 Wis. 515, 52 N. W. 445; McCrory v. O'Keefe, 162 Ind. 534, 70 N. E. 812; Ryan v. Commissioners of Leavenworth County, 30 Kan. 185, 2 Pac. 156; Albany & Boston Min. Co. v. Aud. Gen., 37 Mich. 391; Wagoner v. Loomis, 37 Ohio St. 571; Welch v. Clatsop County, 24 Or. 457, 33 Pac. 934. In Albany City Nat. Bank v. Maher (C. C.) 6 Fed. 417, Judge Wallace said:

"In dealing with the rights of parties to resist taxation, courts of equity proceed upon considerations quite unknown to courts of law, and hold, not only that it must appear the tax is one unlawfully imposed, but also one that justice and good conscience do not require the party to pay."

In paying the tax which has been assessed against it in King county, the appellee will pay no more than its just proportion of the public burdens. King county in collecting it will receive no more than what, under the law had it been complied with, it is entitled to receive. As the resort is to a court of equity, the appellee must show itself entitled to relief which accords with equity and good conscience. This it has failed to do, for it has not shown that any unjust burden is sought to be imposed upon it.

[3] We find no error in the decree of the court below so far as it afforded relief against the assessment on the franchises of the appellee. Western Union Tel. Co. v. Kansas, 216 U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355. The decree is reversed as to all thereof excepting the relief awarded against the tax on the franchise of the appellee, and the cause is remanded to the court below, with instructions to enter a decree accordingly.