### PUGET SOUND POWER & LIGHT CO. v. CITY OF SEATTLE et al.

(District Court, W. D. Washington, N. D. June 5, 1924.)

No. 404.

1. **Equity ⬅150(1)—Bill against unrelated defendants held multifarious.**

A bill against officers of a county to restrain collection of taxes against complainant and also against a city for specific enforcement of a contract to pay such taxes *held* multifarious.

2. **Taxation ⬅607—Court cannot enjoin collection by distraint of taxes admittedly valid and delinquent.**

Under Rem. Comp. Stat. Wash. §§ 11258, 11272, making taxes assessed on personal property a lien on all personal property of the person assessed from the date of the assessment, and requiring the sheriff, on default in payment to collect such taxes by distraint, a court of equity is without power to restrain such collection by distraint of taxes admittedly valid and delinquent.

3. **Taxation ⬅608(1)—Tender of part payment gives no equity to restrain collection of remainder.**

Officers charged with the collection of taxes are not required or authorized to accept a tender of part payment or of levies for particular funds, and such tender does not give the taxpayer standing in equity to restrain collection of the entire tax.

In Equity. Suit by the Puget Sound Light & Power Company against the City of Seattle, the County of King, W. W. Shields, as Treasurer of King County, and Matt W. Starwich, as Sheriff of King

County. On motion by complainant for restraining order, and motion by defendants to dismiss. Motion for restraining order denied, and motion to dismiss granted.

See, also, 300 Fed. 443.

James B. Howe, Hugh A. Tait, and Edgar L. Crider, all of Seattle, Wash., for plaintiff.

T. J. L. Kennedy, Corp. Counsel, Geo. A. Meagher, City Atty., Malcolm Douglas, Pros. Atty., and Howard A. Hanson, Deputy Pros. Atty., all of Seattle, Wash., for defendants.

Before BOURQUIN, CUSHMAN, and NETERER, District Judges.

NETERER, District Judge. The very brief time we have had to consider these issues and the urgency for announcing the conclusion which we all reached, precluded us from analyzing, distinguishing, and applying the many cases cited. Our announcement must necessarily be brief and cursory. The complainant prays that the county treasurer and the county sheriff, tax collecting officers of King county, be restrained from collecting the tax in issue, and that the city of Seattle, its officers and agents, be required to specifically perform the contract between the plaintiff and defendant city for the transfer of a street car utility in Seattle, having relation to the payment of certain taxes (approximately one-fourth by the plaintiff and three-fourths by the city). The defendant county officers are not parties to the contract between the complainant and defendant city. There is no collusion shown between the defendant officers and the defendant city.

[1] The relief sought against the several defendants is totally distinct. That against the defendant officers is equitable; that against the defendant city is predicated on contract for payment of money, and therefore legal. Cutler v. Iowa Water Co. (C. C.) 96 Fed. 777; Walker v. Powers, 104 U. S. 250, 26 L. Ed. 729. The action is multifarious.

[2] Taxation is a right of sovereignty, and only by the payment of taxes can the sovereignty be maintained. Delay by tax collecting officers may derange operations of government, and thereby seriously interfere with public functions. Dows v. Chicago, 78 U. S. (11 Wall.) 108, 20 L. Ed. 65. The tax for which distraint is made is *admittedly valid and delinquent*. The defendant tax collecting officers are state officers collecting a state tax, and if acting within state statute are within the meaning of the Eleventh Amendment to the Constitution. In re Ayers, 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216. Whether the tax here is a contract debt, payable out of the general fund and requiring submission to the electors (Asia v. Seattle, 119 Wash. 674, 206 Pac. 366), or an imposed obligation, payable out of the special utility fund (Twitchell v. Seattle, 106 Wash. 32, 179 Pac. 127; Asia v. Seattle, supra), need not be considered.

There may be equities in favor of the plaintiff, but these equities do not outweigh the right of the sovereignty, or of the public, in being deprived of the necessary use of the public utility in the event of sale, in the absence of provision by ordinance for funds for the payment of

the tax in controversy, when weighed against the contention of the plaintiff, one of the contracting parties. The contract was entered into with seeing eyes, and understanding mind, as shown by the record and knowledge of the laws of the state. "Taxes assessed upon personal property are a lien upon all * * * personal property of the person assessed" from the date of the assessment. Section 11272, Rem. C. S. The imposed duty of the defendant treasurer is to collect the personal tax, and, if not paid after notice, to prepare papers in distraint and file the same with the sheriff, who shall immediately, without notice or demand, distrain sufficient goods and chattels belonging to the person charged with such tax, etc. (the plaintiff is charged with the tax; the assessment was made before transfer), and sell such property after notice, pay to the treasurer the amount collected (section 11258, Rem. C. S.), and on the last day of each month the treasurer shall pay to the state treasurer the amount collected and credited to the various state funds (section 11265, Rem. C. S.), and before the 10th of each month turn over to the city treasurer all moneys collected the previous month (section 11322, Rem. C. S.).

[3] The tender or offer to pay one-fourth of the tax due by the plaintiff, or to pay either of the levies made for state, county, city, or school purposes, cannot serve the plaintiff. There is no provision of statute known to us, nor has our attention been challenged to any, permitting such payment. Each fund or levy is entitled to its pro rata when the tax is paid, and no officer has a right to accept tax tendered on a particular fund. The duty placed upon the collecting officers carries certain discretion, and in the exercise of that discretion, in the absence of statute, a court of equity may not legislate, by imposing its decree. The plaintiff has an adequate remedy at law. No special circumstances, such as multiplicity of suits, irreparable injury, or cloud upon title to real estate, is involved. Dows v. Chicago, supra; P. S. P. & L. Co. v. Asia et al. (C. C. A.) 277 Fed. 1. The remedy may not be as speedy, but it clearly is legal and plain and adequate, and upon the record equity may not interfere.

The motion for restraining order is denied, and the motion to dismiss granted.