### PORT ANGELES WESTERN R. CO. v. CLALLAM COUNTY, WASH., et al.

District Court, W. D. Washington, N. D. May 6, 1927.

**1. Taxation ⬤⇒6—Railroad of United States, held in name of corporation created by Director of Aircraft Production, held not subject to taxation; "instrumentality of government" (Enabling Act, § 4, subd. 2; Const. Wash. art. 26).**

Railroad of United States, held in name of United States Spruce Production Corporation, created by Director of Aircraft Production subject to orders of War Department and authority of President, *held* instrumentality of government as war necessity, and, under Enabling Act, § 4, subd. 2, and Const. Wash. art. 26, no taxes thereon could be lawfully assessed.

**2. Taxation ⬤⇒604—Courts are loathe to interfere with collection of taxes.**

Courts are loathe to interfere with collection of public revenue, since taxation is attribute of sovereignty, and delay may derange operations of government and interfere with public functions.

**3. Taxation ⬤⇒604—Tax on railway personal property owned by United States is lien casting "cloud on title," and complaint for removal of cloud discloses equitable jurisdiction Laws Ex. Sess. Wash. 1925, p. 293, § 104; Judicial Code, § 57 [Comp. St. § 1039]).**

Tax on railway personal property owned by United States is lien and casts cloud on all property till removed by court decree or payment, in view of Laws Ex. Sess. Wash. 1925, p. 293, § 104, and complaint praying removal of cloud discloses equitable jurisdiction in view of Judicial Code, § 57 (Comp. St. § 1039).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cloud on Title.]

**4. Courts ⬤⇒371(7)—State procedure should be given weight in federal courts, in action to remove cloud caused by tax levy.**

State procedure should be given weight in federal courts, in suits to remove cloud on title to property caused by levying of tax.

**5. Equity ⬤⇒363—Allegations of bill held taken as true on motion to dismiss.**

On motion to dismiss bill on ground that face of complaint discloses no equitable jurisdiction, allegations of bill must be taken as true.

**6. Quieting title ⬤⇒4—To supersede equity's jurisdiction to remove cloud on title to personal property, legal remedy must be plain, adequate, and as complete as equitable remedy (Judicial Code, § 57 [Comp. St. § 1039]).**

Equity has jurisdiction to remove cloud on title to personal property, in view of Judicial Code, § 57 (Comp. St. § 1039) and, to supersede such jurisdiction, legal remedy must be plain, adequate, and as complete, practical, and efficient to ends of justice in its prompt administration as equitable remedy.

**7. Taxation ⬤⇒538—Under Washington law, taxes voluntarily paid, even under protest, cannot be recovered for illegal assessment.**

Under law of Washington, taxes voluntarily paid, even under protest, cannot be recovered on ground that they were illegally assessed.

**8. Taxation ⬤⇒609—Tender of illegal tax is not prerequisite to suit for injunctive relief.**

Where property was exempt from taxation and tax therefore illegal, no tender was necessary before bringing suit for injunctive relief.

**9. Taxation ⬤⇒5—State cannot sell property of United States for taxes prior to payment of purchase price by purchaser and passing of title.**

Until title to property owned by United States is conveyed, power in state to tax tangible property does not obtain, and, where payment of purchase price was condition precedent to obtaining title, state could not embarrass title by sale of property for taxes.

**10. Taxation ⬤⇒446—Tax roll is controlling on question whether property of railroad owned by United States was assessed.**

Tax roll is controlling as to whether property of railroad owned by United States, or contract for sale thereof, was assessed.

In Equity. Suit by the Port Angeles Western Railroad Company against Clallam County, Wash., and others. On motion to dismiss, and to grant a temporary restraining order. Motion to dismiss denied, and motion for a temporary restraining order granted.

The plaintiff, a foreign corporation, claims to have succeeded to the interest of the properties of the United States, held in the name of the United States Spruce Production Corporation, created by the Director of Aircraft Production, pursuant to acts of Congress relating to that subject and subject to the orders of the War Department and authority of the President of the United States and through the several departments authorized by Congress. The property, it is said, is exclusively owned by the United States, and consists of a logging railroad and certain rolling stock and personal appurtenant property. The possession was acquired by contract executed on or about June 17, 1922, by the United States Spruce Production Corporation, now held by the plaintiff, whereby it agreed to sell all of the property for the sum of $1,000,000, by the payment of $50,000 in cash and installments of $50,000 on each 31st day of December of 1923, 1924, and 1925, $75,000 on each 31st day of December of 1926 and 1927,

$100,000 on each 31st day of December of 1928, 1929, 1930, and 1931, and $250,000 on the 31st day of December, 1932; by which it is agreed that the entire line of railway—about 35 miles in length with five miles trackage—shall throughout its entire length be operated as a common carrier for freight; the title to all of the property to remain in the vendor until all of the purchase price was paid. Deeds and bills of sale were executed and placed in escrow; the deferred payments were to be evidenced by promissory notes. There is a condition for forfeiture on default of any provision of the contract.

On January 1, 1926, plaintiff began to operate the railroad as a common carrier of freight pursuant to the authority of the Interstate Commerce Commission and the Department of Public Works of the state of Washington.

It is then charged:

That the property is exempt from tax under the laws and Constitution of the state and of the United States, but that on June 9, 1926, the state tax commission, without legal warrant, assessed "the contract between the United States Spruce Production Corporation and Lyon, Hill & Co. for the purchase of a railroad in Clallam county, Wash., for the year 1926 in the sum of $175,000 to the Port Angeles Western Railway, the assignee of said contract," and on said day advised said plaintiff railway of such assessment. That, on September 25 following, the state board of equalization wrongfully and illegally revised, corrected, and equalized said assessment and transmitted to the defendant Wood, as assessor, a notice of its action, in which appears:

"Main line, main track, 35 miles; equalized rate per mile, $2,093.76; equalized valuation, $73,282.00.

"Sidings, 4.7 miles; equalized rate per mile, $418.76; equalized valuation, $1,968.00.

"Total mileage, 39.7 miles; total equalized value, $75,250.00."

That on the 27th day of September said board of equalization adjourned as required by law. That on September 25 the state tax commission entered said assessment so wrongfully and illegally revised, corrected, and equalized by the state board of equalization, upon its assessment rolls. That the county assessor of the defendant county wrongfully and illegally placed upon the assessment rolls of said county and distributed the value of said property to the several taxing districts in said county and extended the tax against said property upon the assessment rolls of said county:

"Personal Property Tax Roll for the Year 1926 Assessed by the State.

"Line 16, Port Angeles Western Railroad Company, total value as equalized by county board, 42,859; road district, 2; school district, 313; consolidated tax 2,742.98.

"Line 17, Port Angeles Western Railroad Company, total value as equalized by county board, 12,563; road district, 2; school district, 303; consolidated tax, 684.68.

"Line 18, Port Angeles Western Railroad Company, total value as equalized by county board, 19,828; road district, 4; school district, 303; consolidated tax, 1,080.52."

That the total tax assessed against said property is $4,508.29. That the assessment roll was delivered to the defendant R. E. Davis as treasurer for said county. That said taxes are due and payable. "That proceedings have been taken by the defendants looking toward the collection of said taxes, and the defendants have notified plaintiff, Port Angeles Western Railroad Company, that they will distrain all of the personal property herein described for the collection of the tax charged against the same, and have threatened and now threaten to proceed with the collection of all said taxes which are charged against the personal property, and make sale thereof in the manner provided by the laws of the state of Washington, and threaten to, and unless restrained by this court will, proceed to attempt collection of all said taxes on all of the real and personal property herein described, and have threatened to, and unless restrained will, attempt to make sale of said property and will attempt to collect penalties on account of pretended delinquencies in the payment of such taxes, and will undertake to deliver possession of said property to purchasers at such sale, all to the great and irreparable injury of the United States of America and to the United States Spruce Production Corporation, and of the plaintiff herein. That the United States Spruce Production Corporation has expended in excess of $1,000,000 in the construction of the railroad and acquisition of the real and personal property. That the road follows a continuous route upon which have been constructed tracks, together with bridges, culverts, and necessary appurtenances, and the whole thereof is essential, and the segregation by sale for taxes will destroy the property. That the plaintiff has no plain, adequate, or speedy remedy at law, and prays that the assessment be decreed illegal, and title to the property be quieted as to the taxes heretofore assessed. That said pretended assessment casts a cloud upon the

title of said property, and prays that the cloud by reason of said assessment be removed.

An order was issued to the defendants to show cause why a restraining order should not issue pending the final determination of this case.

The defendants move to dismiss for the reason that the face of the complaint discloses no equitable jurisdiction, and that the plaintiff has an adequate remedy at law.

Lewis & Church, of Port Angeles, Wash., and A. C. Shaw, of Spokane, Wash. (Barthell & Rundall, of Chicago, Ill., of counsel), for plaintiff.

John M. Wilson and Frank L. Plummer, both of Port Angeles, Wash. (John H. Dunbar, Atty. Gen., and R. G. Sharpe, Sp. Asst. Atty. Gen., of counsel), for defendants.

Before Statutory Court—DIETRICH, Circuit Judge, and CUSHMAN and NETERER, District Judges.

NETERER, District Judge (after stating the facts as above). [1] The writer, in United States v. Clallam County (D. C.) 283 F. 645, held that the railroad in issue was constructed as an instrumentality of the government as a war necessity, and under section 4, subd. 2, Enabling Act, and article 26 of the Constitution of Washington, no taxes could be lawfully assessed. This was affirmed by the Supreme Court. 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328.

The bill alleges title to the railroad to be vested in the United States Spruce Production Corporation, and that the plaintiff bears the same relation as though the contract had been executed by the United States.

[2] Courts are loathe to interfere with the collection of public revenue. Taxation is an attribute of sovereignty, and delay may derange the operations of government and thereby seriously interfere with public functions. Dows v. Chicago, 78 U. S. (11 Wall.) 108, 20 L. Ed. 65. See, also, P. S. P. & L. Co. v. City of Seattle (D. C.) 300 F. 441. In the latter case, the basis for suit was a street car purchase contract between the city of Seattle and the power company as to the division of taxes for the year in issue, under the terms of the contract, and the tax was *admittedly valid and delinquent*, and the proper county officials were proceeding in the collection. Neither the county nor the state were parties to the contract. The court also held that the plaintiff had a plain and adequate, although not as speedy, a remedy at law.

[3] Under the laws of Washington, sec. 104, chap. 130, Extraordinary Session, 1925

"* * * the tax assessed upon each item of personal property assessed shall be a lien upon such property. * * *"

The property is entered upon the *personal property tax roll* of the defendant county and stands as an assessment against the *main track and siding*, equalized by the county board and apportioned as provided by law, although it is contended by the defendant that the state tax commission sought only to assess *"the contract"* between the United States Spruce Production Corporation and the plaintiff. Upon the record, the tax is upon the railway personal property, and is therefore a lien, and casts a cloud upon all of the property until removed by decree of court or payment, and the complaint discloses equitable jurisdiction.

The Washington courts have held without any dissent that, from the time that the taxes are spread upon the tax roll until paid or set aside by decree of court, there is created "a substantial cloud upon the title to the property" (Benn v. Chehalis County, 11 Wash. 134, 39 P. 365) and in Phelan v. Smith, 22 Wash. 397, 61 P. 31, that complete and adequate remedy at law was not afforded where the treasurer was threatening to sell personal property for the satisfaction of personal property tax levied thereon; and applied the same rule in Northwestern Lumber Co. v. Chehalis County, 24 Wash. 626, 64 P. 787; and affirmed the same remedy in Phillips v. Thurston County, 35 Wash. 187, 76 P. 993, in Spokane & East. Trust Co. v. Spokane County, 70 Wash. 48, 126 P. 54, Ann. Cas. 1914B, 641, and in State v. Turner, 113 Wash. 214, 193 P. 715. In State ex rel. S. & I. E. R. Co. v. State Board of Equalization, 75 Wash. 90, 134 P. 695, the court said:

"An original action on the equity side of the court, where evidence may be received bearing upon the merits of the question of the proper amount of the relator's assessment, as well as the alleged arbitrary and unlawful action of the board of equalization, is, in our opinion, the only practical remedy available to the relator, since the board of equalization for 1912 has been dissolved. * * *"

[4] And state procedure in such actions should be given weight in federal courts. Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903; McConihay v. Wright, 121 U. S. 201, 7 S. Ct. 940, 30 L. Ed. 932.

[5, 6] The allegations of the bill, for present purposes, must be taken as true, and jurisdiction in a court of equity to remove a cloud upon a title to personal property is recognized in a federal court by section 8 of the Act of March 3, 1875, incorporated into section 57 of the Judicial Code, being Comp. St. § 1039

(see Thompson v. Emmett Irrigation District [C. C. A.] 227 F. 561), and to supersede this jurisdiction a legal remedy must be plain, adequate, and as complete, practical, and efficient to the ends of justice in its prompt administration as the equitable remedy. Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341. Frequently parties illegally taxed would be subjected to vexatious litigation or suffer irremedial damage, if resort to legal remedy consisted only in payment under protest and an action to recover back the money. See U. P. R. Co. v. Cheyenne, 113 U. S. 516, 5 S. Ct. 601, 28 L. Ed. 1098. In this case the court said:

"* * * Even the cloud cast upon his title by a tax under which such a sale could be made would be a grievance which would entitle him to go into a court of equity for relief."

In the Ohio Tax Cases, 232 U. S. 576, 34 S. Ct. 372, 58 L. Ed. 737, the court said:

"Right to invoke the equity jurisdiction is clear; for the act specifically" creates "a lien upon the real estate of appellants, from the cloud of which they" seek "to free it; * * * and the bills alleged threatened irreparable injury through the enforcement of the penalties and coercive features."

"When, however, the collection of an illegal tax on personal property involves a threat or irreparable injury and inconvenience to the public, an injunction may issue. Thus when the business and traffic of a railroad company will be stopped by a seizure of its cars an injunction is proper." Pomeroy, Equity Jurisprudence (4th Ed.) vol. 4, p. 4169, § 1796. See, also, Clearwater Timber Co. v. Shoshone County (C. C.) 155 F. 612, 630.

[7] The law of Washington, as the law of Georgia, gives no right of action to recover taxes voluntarily paid, even under protest, on the ground that they were illegally assessed. But the Washington courts recognize this right and have followed such procedure. Justice Taft, for the court, in Bohler v. Callaway, 267 U. S. 479, 45 S. Ct. 431, 69 L. Ed. 745, said:

"The remedy to be taken by the taxpayer against excessive assessment is by petition in equity. * * * No reason existed why a federal court sitting in the same jurisdiction might not grant equitable relief to the taxpayer against the executions on the assessments, provided there were stated in the bill grounds for federal equity jurisdiction. * * * It was properly in equity because there was no adequate remedy at law, the assessments being final except as subject to equitable intervention. The Georgia law gives no right of action to recover taxes voluntarily paid, even under protest on the ground that they were illegally assessed and collected."

By the same token, this applies to taxes unlawfully assessed.

The taxes being spread without limitations upon the tax roll against the railway property owned by the United States, cast a cloud upon such property, to the removal of which a court of equity alone can do substantial justice. See King County, Washington, v. Nor. Pac. Ry. Co. (C. C. A.) 196 F. 323.

[8] The property being exempt and the tax illegal, no tender was necessary. Lewiston Water & Power Co. v. Asotin County, 24 Wash. 371, 64 P. 544; Fargo v. Hart, 193 U. S. 490, 24 S. Ct. 498, 48 L. Ed. 761.

[9,10] Until the title to the property is conveyed, the power in the state to tax the tangible property does not obtain. The payment of the purchase price is a condition precedent to obtaining title, and the state cannot be permitted to embarrass this title by sale of any of the property for taxes. See U. P. R. Co. v. McShane, 89 U. S. (22 Wall.) 444, 22 L. Ed. 747. The defendants say that only plaintiff's interest in "the contract" was assessed, but on the tax roll, which is controlling, it is assessed against "main track, 35 miles," and "siding, 4.7 miles." The Supreme Court, in Choctaw, O. & G. R. Co. v. Harrison, 235 U. S. 292, 35 S. Ct. 27, 59 L. Ed. 234, held an imposed tax of 2 per centum on gross receipts from the total production of coal from the mine held under lease of Indian patent containing restrictions on alienation for 25 years could not be collected; and in Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338, held that a tax on the net income derived by lessee from lease of restricted Indian land, was unlawful. In Jaybird Mining Co. v. Weir, 271 U. S. 609, 46 S. Ct. 592, 70 L. Ed. 1112, an ad valorem tax assessed on the ore in the bins on restricted Indian lands, the royalties on the equitable interest of the Indians not having been segregated, was denied. Here the assessment is not limited to income or interest, but is assessed against the entire property.

The interest of the plaintiff in the contract, no doubt, is property—intangible. Whether it can be assessed for taxes need not now concern this court. The assessment is made against the tangible property, title to which is in the United States. The board of equalization is dissolved, and equity alone can afford relief.

The motion to dismiss is denied, and the

motion for a temporary restraining order is granted.

DIETRICH, Circuit Judge, concurs in the above.

CUSHMAN, District Judge (concurring). There being no substantial difference, in reason or principle, distinguishing a case such as the present from McCulloch v. State of Maryland, 4 Wheat. 316, 4 L. Ed. 579, Jaybird Mining Co. v. Weir, County Treasurer, 271 U. S. 609, 46 S. Ct. 592, 70 L. Ed. 1112, Irwin v. Wright, County Treasurer, 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573, Choctaw, Oklahoma & Gulf R. R. v. Harrison, Sheriff, 235 U. S. 292, 35 S. Ct. 27, 59 L. Ed. 234, Indian Territory Illuminating Oil Co. v. Oklahoma, 240 U. S. 522, 36 S. Ct. 453, 60 L. Ed. 779, upon the authority of these decisions I concur in the conclusion reached by Judge NETERER as to the disposition that should be made of this case. See, also, Page v. Pierce County, 25 Wash. 6, 64 P. 801.