[No. 3318.    Decided July 17, 1899.]

THE STATE OF WASHINGTON *on the Relation of John R. Rogers, Governor,* v. WILL D. JENKINS, *Secretary of State.*

MANDAMUS—TO SECRETARY OF STATE—PREPARATION OF NOTARY COMMISSIONS.

There being no provision of law requiring the secretary of state to perform, or have done, the clerical work involved in the preparation of commissions for notaries public, a writ of mandate will not issue to compel his performance of such duties.

*Original Application for Mandamus.*

*James Wickersham,* for relator.

*Thomas M. Vance,* for respondent.

PER CURIAM.—The object of this proceeding is to compel the respondent, who is secretary of state, to fill out and present to the governor, for his signature, a commission

to a person named in the application, who is entitled to be commissioned a notary public, under tit. 4, ch. 4, Bal. Code.

The sole question for decision is, whose legal duty is it to do or have done the clerical work involved in the prepa ration of a commission? As the only authority to issue commissions is vested in the governor and as there is no provision, either in the constitution or statutes, requiring the particular work here in question to be done by the secretary, and as the writ of mandate only issues to compel the performance of some duty specially enjoined by law, it follows that the application in the present instance must be denied.

The custom heretofore prevailing is not made a question or raised by the record. If it were, it is doubtful whether it could be considered of controlling, or indeed of any, importance, inasmuch as the duty of the respondent as an officer of the state is defined by the constitution and laws thereof, and he cannot be controlled or bound by the con duct or practice of his predecessors in office.