[No. 4132. Decided March 15, 1902.]

CHRISTOPHER SEMON *et ux.*, v̇. STEPHEN A. CALLVERT, *et al.*

TIDE LANDS — REAPPRAISEMENT — ARREARAGE OF INTEREST AS PART
    THEREOF.

Where the board of state land commissioners, in making a re-appraisement of tide lands under the authority of Laws 1899, p. 145, duly make such reappraisement at one-fourth the amount of the original appraisement, and add thereto a provision that the holders of valid contracts for the purchase of any of such lands may complete the purchase, but, where the contracts are in arrears, all accrued interest shall be paid up to date, such provision for the payment of interest constitutes no part of the reappraisement.

SAME — CONSTRUCTION OF STATUTE BY DEPARTMENT OFFICERS.

The practice of the board of state land commissioners in construing Laws 1899, p. 145, § 3, as authorizing the requirement that holders of contracts in arrears should pay all arrearages of interest thereon in order to obtain the benefit of such act, will not be followed by the courts, when the act expressly provides that a purchaser shall be permitted to complete the purchase originally made, "upon the valuation as reappraised under the provisions of this act, and any partial payments heretofore made on such sale shall be credited to the purchaser as if made under the appraisement hereby authorized."

*Original Application for Mandamus.*

*Fairchild & Bruce,* for plaintiffs.

*W. B. Stratton,* Attorney General, for defendants.

The opinion of the court was delivered by

FULLERTON, J.—On December 20, 1892, pursuant to the act of March 26, 1890 (Laws 1889-90, p. 431), providing for the appraisal and sale of tide and shore lands, the plaintiffs entered into a contract with the state of Washington for the purchase of certain tide lands situated

in front of the city of New Whatcom at the price at which the same were appraised by the board of appraisers created by that act. By the terms of the contract one-tenth of the purchase price was paid in cash, and the balance was agreed to be paid in nine equal annual installments, with interest thereon at the rate of six per centum per annum, payable annually. The deferred payments were evidenced by promissory notes. None of the deferred payments was made, nor was any part of the interest thereon paid. In 1899 the legislature provided for a re-appraisal of the tide lands lying in front of the cities of New Whatcom and Fairhaven. Laws 1899, p. 145. The first section of the act authorized the board of state land commissioners, at any time before January 1, 1900, to make a re-appraisement of all tide lands at and in front of the cities above named, the original appraisement of which was disproportionate to and in excess of the value of such land, and provided that such re-appraisement, when made, should be in lieu of the original appraisement. The third section of the act is as follows:

"When such tide lands shall have been re-appraised hereunder, and it has been found that any part or portion thereof has been heretofore sold upon an appraisement in excess of the value thereof as shown by such re-appraisement, the purchaser or purchasers may, and are hereby permitted to complete the purchase so made upon the valuation as re-appraised under the provisions of this act, and any partial payments heretofore made on such sale shall be credited to the purchaser as if made under the appraisement hereby authorized."

Acting under the authority conferred by this act, the board of state land commissioners made a re-appraisement of all the tide lands lying at and in front of New Whatcom; its findings and orders in that behalf, appearing upon its minutes, being as follows:

"That the original appraisement of each acre, block, lot, and separate description, respectively, of the tide lands within and in front of the city of New Whatcom, Washington, is seventy-five per cent. (75) in excess of the value of each such acre, block, lot, and separate description of tide land, respectively.

"It is therefore ordered, that each and every acre, block, lot, and separate description of tide lands within and in front of the city of New Whatcom, Washington, be and the same is hereby re-appraised in the sum of twenty-five per cent. (25), respectively, of the amount of the original appraisement of each such acre, block, lot, and separate description of tide lands within and in front of the city of New Whatcom, Washington.

"It is further ordered that the respective amount in which each acre, block, lot, and separate description of tide lands within and in front of the city of New Whatcom, Washington, is in this order re-appraised, be set opposite each such acre, block, lot, and separate description, upon the original record of appraisements of New Whatcom tide lands, on file as a part of the records of this board; and that a copy of this re-appraisement be deposited in the office of the auditor of Whatcom county.

"It is further ordered that the holders of valid contracts or certificates of sale for any of the above designated tide lands may complete the purchase thereof in the manner prescribed in the act authorizing this re-appraisement.

"Holders of contracts in arrears shall be required to pav all accrued interest up to date."

Thereafter the plaintiffs forwarded to the state land commissioner the amount for which the tract described in his contract of purchase was re-appraised, with interest thereon at the rate named in the contract from the date thereof to the date of the tender, less the amount paid at the time the contract was entered into, and demanded a surrender of the notes given to evidence the deferred payments of the original contract price, and a certificate of

purchase which would entitle them to a deed of the lands from the state. This sum was tendered the state treasurer, and was by him refused, because the interest in arrears upon the original contract price had not been paid, and was not included in the tender made. This is an application for a writ of mandamus compelling the acceptance of the amount tendered and the issuance of such a certificate of purchase as will entitle the plaintiffs to a deed.

Against the application the defendants make two contentions. The first is that the order requiring holders of contracts in arrears to pay accrued interest "up to date" is a part of the re-appraisement, and, as the amount for which any particular tract could be re-appraised was within the discretion of the board of state land commissioners, the respondents cannot question the correctness of the re-appraisement,—at least not in this form of proceeding. Were it conceded that this part of the order was a part of the re-appraisement, undoubtedly the conclusion drawn therefrom would follow, and the plaintiffs would have no ground upon which to ask for the issuance of the writ applied for. But it is evident from the findings of the board, and from the order as a whole, that the requirement that holders of contracts upon which the interest was in arrears should pay such interest formed no part of the re-appraisement, and was not intended by the board itself to be such. There is no finding that the contracted lands, upon the contracts for which the interest was in arrears, were originally less disproportionately appraised, or were of greater value, than lands the contracts for which were not in such condition, or lands which the state owned absolutely. On the contrary, the finding is unequivocal that each acre, block, lot, and separate description, respectively, of the tide lands in front of the city of New Whatcom was originally ap-

praised at seventy five per cent. in excess of its true value. This description included all the tide lands at the place named in which the state had an interest. It included that part of such lands which the state had contracted to sell, and upon the contracts for which the interest was in arrears, as well as that which the state had contracted to sell, and upon the contracts for which the interest had been fully paid, or that part which the state owned absolutely, and is a finding which would warrant an appraisal of all of such lands at twenty-five per centum of the original appraisement, but nothing more. That part of the order which purports to make the appraisement is in strict accord with these findings. It fixes the amount for which each separate parcel of the lands is re-appraised at twenty-five per centum of the original appraisement. The order also directs that the amount for which each separate parcel is re-appraised be set opposite its description on the original record of appraisement, that a copy of the re-appraisement be deposited with the auditor of Whatcom county, and further directs, perhaps unnecessarily, that holders of valid contracts for the purchase of any part of such tide lands be allowed to complete the purchase thereof in the manner prescribed by the act authorizing the re-appraisement. In this there are no exceptions nor reservations, nor any indication that any part of such lands are to be subject to additional burdens. This alone would seem to be sufficient to show that the board did not consider the additional part of the order with reference to contracts in arrears as any part of the appraisement. But the wording of that part of the order shows conclusively that it is no part of the appraisement. The language is that holders of contracts in arrears shall be required to pay the accrued interest. The interest is not made a charge against the

land, but against the holder of the contract. Should the
holder forfeit the contract, the land would be subject to
sale at the re-appraised value, without reference to the ac-
crued interest on the forfeited contract; that is to say, the
re-appraised value appearing upon the record of appraise-
ment, and not such re-appraised value plus the accrued in-
terest "to date" upon some forfeited contract, would fix
the minimum price at a sale thereof. It is true the pur-
pose of this additional requirement does not appear, but
this fact is not material. It not being a part of the re-
appraisement, it is an additional burden, which the board
of state land commissioners was without power to impose.

The second objection is that the officers of the land de-
partment of the state have uniformly required holders of
contracts in arrears to pay the re-appraised price and the
arrears of interest in order to obtain the benefit of the re-
appraisement act, and that this court should follow their
construction of the law. In cases of doubt and ambiguity
the construction put upon a statute by governmental offi-
cers particularly charged with its execution, especially if
long continued, will undoubtedly have great weight with
the courts when called upon to construe the particular
statute; but no such construction can alter the law. Here
the statute is neither doubtful nor ambiguous, but is plain
and concise in its terms, and furnishes no warrant for the
imposition of this additional burden. In such cases the
courts must follow the mandate of the statute, and not the
construction placed thereon by the governmental officers.
*State ex rel. Rogers v. Jenkins,* 21 Wash. 364 (58 Pac.
217).

Let the writ issue as prayed.

REAVIS, C. J., and HADLEY, ANDERS, MOUNT, DUNBAR
and WHITE, JJ., concur.