[No. 4142.  Decided August 9, 1902.]

THE STATE OF WASHINGTON *on the Relation of A. F. Mc-
Claine, Appellant,* v. JOHN B. REED, *County Treasurer,
Respondent.*

APPEAL — DISMISSAL — SUFFICIENCY OF ASSIGNMENT OF ERROR.

A motion to dismiss an appeal for want of an assignment
of error is without merit, where the appellant's brief express-
ly assigns as error the order sustaining defendant's demurrer to
his petition and dismissing the petition, with costs to defend-
ant.

TAXATION — SALE — REDEMPTION OF UNDIVIDED INTEREST.

Under Laws 1899, p. 295, § 82, which provides that "any per-
son desiring to pay on an undivided interest in any real prop-
erty may do so by paying to the county treasurer a sum equal
to such proportion of the entire taxes charged on the entire
tract as interest paid on bears to the whole," and Laws 1899,
p. 298, § 102, which provides that "tenants in common, or joint
tenants, shall be allowed to redeem their individual interests
in real property for which certificates of delinquency have been
issued," the owner of an undivided interest in land sold as a
whole for delinquent taxes is entitled to a certificate of redemp-
tion therefrom on his interest, when he tenders to the county
treasurer the amount due for taxes, interest and costs on his
proportion of the land.

SAME — SUFFICIENCY OF TENDER.

A sufficient tender of taxes is alleged in a petition for man-
damus to compel the treasurer to issue a redemption certificate
from a sale therefor, when it is alleged that plaintiff demanded
of the treasurer a statement of the taxes due upon his undivided
sixth interest in the land, which was refused, and that he ten-
dered to the treasurer the amount due upon that interest, as
near as he could ascertain that amount, but, if there should be
more due, he is ready and willing to pay same.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge.  Reversed.

*T. O. Abbott,* for appellant.

*Fremont Campbell,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is an application for a writ of mandamus against the treasurer of Pierce county to require him to furnish the relator with a statement of the taxes due upon certain premises described in the petition, and to accept that amount in satisfaction of said taxes. The facts, as shown by the petition, are that the relator is the owner of *an undivided one-sixth interest* in a certain tract of land in Pierce county amounting to about one thousand acres; that the defendant is the treasurer of Pierce county; that certain taxes have been levied upon said premises, and are now due and delinquent; that sundry certificates have been issued for said taxes; that the relator, before instituting this proceeding, tendered to the said treasurer the sum of one hundred forty-five and seventeen one-hundredths dollars ($145.17), the same being the amount, as near as he could ascertain, of the taxes due upon his interest in said premises, and that said tender was refused; that said premises are about to be sold in foreclosure of said certificates; and a restraining order is asked for. The prayer is, that an order issue requiring the said treasurer to furnish relator with a statement of the taxes due upon his interest in said premises, and accept the amount so found to be due in settlement thereof, and issue receipts therefor. Upon the petition, and affidavit accompanying the same, a temporary restraining order was issued, enjoining the sale of said premises pending the further order of the court. The defendant appeared and demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the hearing the court sustained the demurrer and dismissed the petition, with costs to the defendant, from which order plaintiff has appealed. On page

five of appellant's brief the order sustaining respondent's demurrer to appellant's petition and dismissing the petition, with costs to the respondent, is expressly assigned as error. There is therefore no merit in the respondent's motion to dismiss the appeal because there is no assignment of error, and the motion is therefore denied.

Section 82 of the revenue act as amended in 1899 (Laws 1899, p. 295) reads, in part, as follows:

"Any person desiring to pay on an *undivided interest* in any real property may do so by paying to the county treasurer a sum equal to such proportion of the entire taxes charged on the entire tract as interest paid on bears to the whole."

And § 102 of said amended act (Laws 1899, p. 298), providing for the redemption of property upon which certificates of delinquency have been issued, reads, in part, as follows:

"*Tenants in common, or joint tenants,* shall be allowed *to redeem their individual interests* in real property for which certificates of delinquency have been issued under the provisions of this act, in the manner and under the terms specified in this section for the redemption of real property other than that of insane persons and minor heirs."

Section 102, as amended, further provides:

"Real property, upon which certificates of delinquency have been issued under the provisions of this act, may be redeemed at any time before the issuance of tax deed, by payment, in legal money of the United States, *to the county treasurer* of the proper county, for the benefit of the owner of the certificate of delinquency against said property, the amount for which the same was sold, together with interest at fifteen per cent. per annum thereon from date of issuance of said certificate of delinquency until paid."

Section 111 of the same act (Laws, 1899, p. 303), also provides that, when any redemption money is paid to the county treasurer for the benefit of the holder of the certificate of delinquency, the *county treasurer*

"Shall immediately indorse upon the proper records the fact that such taxes, penalties, interest and costs have been paid and the property therein described redeemed by said payment, and shall deliver to the person redeeming the same a certificate of redemption therefor."

No argument is required, in view of the foregoing plain provisions of the statute, to show that the relator was entitled to the relief demanded.

Appellant plainly alleges in the petition that he has demanded of the respondent a statement of the taxes due upon his undivided interest in the premises, and that the respondent has failed and refused to comply with said demand and that he has tendered to the respondent the amount which is due upon that interest, as near as he can ascertain that amount, and that the respondent has refused to accept it, but that if there should be more due he is ready and willing to pay such amount. Under the allegations of the petition, we must assume that the amount tendered by the appellant was the correct and full amount due upon his undivided one-sixth interest. All the appellant was required to do to protect his interests was to demand a statement, which the law says *shall be furnished him*, and, when this was refused, to make a tender of the amount due, as near as he could ascertain that amount.

The demurrer should have been overruled. The judgment of the court below is reversed, and this cause is remanded for further proceedings in accord with the views herein expressed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT, DUNBAR and HADLEY, JJ., concur.