[No. 4600.   Decided July 17, 1903.]

WM. CARLISLE et al., Appellants, v. CHEHALIS COUNTY, Respondent.

TAXATION — ARBITRARY ASSESSMENT — EVIDENCE.

In an action to recover taxes paid under protest, and alleged to have been fraudulently and arbitrarily assessed without regard to the true value of the land, it is proper to exclude oral evidence that the assessor increased the assessment of prior years, as the same was not the best evidence and was immaterial.

SAME.

In such action it is proper to receive in evidence on the part of the defendant, as bearing on the good faith of the assessor, and the arbitrariness of his action, (1) letters from the owners and his agent which were in reply to inquiries by the assessor as to their estimate of values; (2) testimony as to the methods pursued by and the duties of his deputy; (3) a certified copy of a deed just prior to the assessment showing a consideration in excess of the valuation; and (4) evidence that, upon objecting before the board of equalization, the owner's agent stated orally that he "had no kick coming."

SAME — APPEAL — REVIEW OF FINDINGS.

In such action findings will not be disturbed where the evidence shows that the assessor made reasonable effort to ascertain the value and exercised his best judgment in fixing the same.

Appeal from Superior Court, Chehalis County.—HON. MASON IRWIN, Judge.   Affirmed.

Sidney Moor Heath, for appellants.

J. A. Hutcheson, for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellants brought this action to recover from the respondent, Chehalis county, the sum of $431.10, which was by them paid as taxes to said county.   They

are the owners of extensive tracts of land in that county, chiefly valuable for the timber thereon. The total tax upon said lands under the assessment for the year 1900 was $1,613.85. Taking into account the lawful rebate for prompt payment, appellants tendered as full payment of said taxes the sum of $1,192.05, which tender was refused. They then paid under protest the whole sum demanded by the county, which they claim is in excess of the amount they should pay in the said sum of $431.10. They allege that the assessor of the county intentionally, fraudulently, and without regard to the actual value of the lands in comparison with other lands in the vicinity thereof, over-valued the same. They appeared before the board of equalization with this objection, but after a hearing no change was made by that body, and the tax was levied and extended as originally assessed. The county denied their allegations with regard to fraudulent, excessive, and unequal valuations. The cause was tried by the court without a jury, and the court found that the assessor made diligent effort to arrive at the true cash value of the lands, and thereafter, in the exercise of his best judgment, assessed the same at the values set out upon the assessment roll; that the values so placed upon the several tracts were not above the true cash value thereof, and were not in excess of the values placed upon similar lands throughout said county for said year. Judgment was entered denying the prayer of the complaint, and taxing costs to the appellants. They have appealed from the judgment.

Six alleged and separately stated errors relate to the refusal of the court to permit a witness who was the agent of appellants to testify orally as to whether the assessor did increase the valuations placed upon appellants' lands

and adjacent lands for the year 1900 above the valuations placed upon them for 1899. We see no error in this. The assessment rolls for these years were public records, and were the best evidence of the facts sought to be shown. Moreover, we think the questions were objectionable as being immaterial. It was the duty of the assessor to place cash values upon the lands, without regard to the valuations of former assessments.

Error is claimed upon the admission of a letter from the president of the company that owned the lands on the 1st day of March, 1900. Appellants purchased them subsequent to that date. The letter related to the then owners' estimate of the amount of timber upon the lands, and therefore bore upon the question of their value. Respondent does not claim that the letter was conclusive against these appellants as to the value, and it was not introduced for that purpose, but for the purpose of showing that the assessor was making an earnest effort to arrive at the true value, in that he had previously written the owner upon the subject, and to his inquiry the owner had replied giving its own estimates as to values. The evidence was proper upon that theory, in view of the fact that the assessor was charged with having acted in an arbitrary manner in making the assessment. It is true, the letter of the assessor to which the owner's letter was a reply was not introduced in evidence; but the owner's letter showed clearly upon its face that it was a reply to the assessor's inquiry concerning the probable amount of timber upon the lands, and the fact that it was a reply to such a communication from the assessor is not disputed. We think the letter was not incompetent for the purpose claimed by respondent, although the assessor's letter which called it forth was not introduced. A similar objection was made to a letter from appellant's agent in which he stated the ap-

proximate cost of a cruise necessary to arrive at the probable amount of timber. This letter was introduced for the same purpose as the other, and was for that reason not objectionable.

Complaint is made that the assessor was permitted to testify as to the duties of his deputy, and the manner in which he made up his reports. The witness was attempting to explain the manner in which the field book then before the court was made up. These officers were charged with arbitrary and fraudulent action, and it was material to show the method they pursued. The testimony of the witness was to the effect that he and his deputy went over the field data together, considering such information as they could obtain, and making changes in the field notes as they deemed necessary, in accordance with such information. This was not improper as refuting the charge of arbitrary action, and, as it appeared that the conference between the witness and his deputy and much of the information they received was oral, the evidence was proper for the purpose stated.

A certified copy of the deed by which appellants became the owners of the lands was introduced in evidence. This deed bears the date of March 13, 1900, and was acknowledged the following day. The stated consideration is $80,000. It will be observed that the assessor's valuation of these lands was fixed as of March 1, 1900. Respondent does not claim that the consideration mentioned in the deed is necessarily the actual cash value of the land, but that it is one of the indications of value which the assessor may consider. Appellants did not claim or attempt to show that they paid a less sum for the lands than the amount mentioned in the deed, and if they paid that sum, the assessor can scarcely be said to have acted in an arbi-

trary manner when he placed a much less valuation upon the same lands as of a date only twelve or fourteen days prior to appellants' purchase. We think the deed was not prejudicially admitted for the purpose of showing that the assessor did not act arbitrarily or fraudulently. If appellants desired to make any explanation as to the relation the amount of the stated consideration bore to the actual value, they doubtless would have been permitted to do so if they had asked it.

Objections were made to certain evidence as to what appellants' agent said before the board of equalization. It is true, appellants' objection to the assessment and also the final action of the board were in writing; but, as bearing upon the question that neither the assessor nor the board acted arbitrarily, we think it was not improper to show what took place before the board, and what consideration was given the subject as leading up to their final action embodied in the record. The testimony objected to was to the effect that, when the board were considering appellants' objections to the assessment, their agent stated, in substance, that he had "no kick coming." The evidence was not improper for the purpose stated. Appellants' agent says that, if he made such a remark, it was intended as a joke, and that appellants' actual views were seriously embodied in their written objections. The weight to be attached to the statement, and the extent to which the board of equalization might have reasonably considered it, were properly for the consideration of the trial court.

Further errors assigned are based upon the findings of the court. We have examined the evidence, and believe the findings are fully sustained thereby. It is not even claimed here that these lands were excessively valued, but that there was not a proper equalization of relative values.

Appellants insist, in their argument, that the valuations upon their property were raised above former assessments by some fixed ratio, without regard to actual value, and that other property was not so raised. We think this contention is not supported by the evidence. On the other hand it does appear that some other similar lands in the same locality were assessed at a higher average value than those of the appellants. The evidence also satisfactorily shows that the assessor made reasonable effort to ascertain the true cash values, and that he exercised his best judgment in fixing the same. No fraudulent, arbitrary, or capricious action of the assessor is shown, and, within the rule of *Templeton v. Pierce County,* 25 Wash. 377 (65 Pac. 533), appellants are not entitled to the relief which they seek.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.