[No. 12379.   Department One.   March 19, 1915.]

HAMMOND LUMBER COMPANY, *Respondent*, v. COWLITZ
COUNTY et al., *Appellants*.[1]

TAXATION—ASSESSMENTS — DOUBLE TAXATION — ACTIONS — CONDITIONS PRECEDENT—PAYMENT OF TAX.  While relief in equity against double taxation is not available unless the payment of one tax is shown, the tax receipts for taxes assessed against certain real estate for specified years shows the payment of one tax on the land including the improvements thereon; under the assumption that the assessor performed his duty of including the improvements as required by Rem. & Bal. Code, § 9102.

SAME—IMPROVEMENTS—LOGGING ROAD—DOUBLE TAXATION — REASSESSMENT OF OMITTED PROPERTY—VALUATION BY ASSESSOR—CONCLUSIVENESS.  A logging railroad not used as a common carrier, and not occupying any separate and distinct right of way outside of the land upon which it was used for logging purposes, constitutes either real estate or improvements on real estate; and an assessment of the real estate is presumed to include the logging road, on the theory that the assessor has done his duty, under Rem. & Bal. Code, § 9102, requiring him in assessing real property to include "the value of all improvements and structures thereon;" hence, after payment of such real estate tax, the subsequent assessment of the logging road (as property omitted from taxation) will be cancelled as double taxation.

TAXATION—ASSESSMENTS—VALUATIONS — REVIEW.  The assessor's valuation for the purpose of taxation will not be disturbed in the absence of evidence to show fraudulent, arbitrary or capricious action.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered June 26, 1914, upon findings in favor of the plaintiff, in an action to cancel a tax, tried to the court.   Affirmed.

*Homer Kirby*, for appellants.

*Magill, McKenney & Brush*, for respondent.

HOLCOMB, J.—Suit by respondent to cancel taxes.   The respondent was the owner, during the years 1908 to 1911, inclusive, of certain tracts and parcels of land described in its complaint, in Cowlitz county, Washington, and paid the

[1]Reported in 147 Pac. 19.

taxes for each and all of said years to said county. During all of said years there was a certain logging railroad owned by respondent, located and constructed wholly upon and across the tracts and parcels of land described in its complaint. Said railroad was at all times, and is now, used and operated by respondent for the sole purpose of hauling and transporting respondent's logs from the place where the same had been cut on respondent's said land to the Columbia river, and has never been used to carry freight or passengers for hire, and has never been used by the general public.

All of appellants' claims of error are comprehended in one question: Had the logging railroad been assessed for the years mentioned and the taxes paid thereon by the respondent, so that the subsequent attempt to tax the same by the appellants constituted double taxation? The respondent alleged, the appellants admitted, and the court found, that the respondent during all of said years was the owner of said described tracts of real estate; that it was also the owner of the said logging railroad during all of said years; that said logging railroad was, during all of said time, wholly located and constructed upon and across the said tracts or parcels of lands; that it never had been used to carry freight or passengers for hire, and had never been used by the general public, but had always been owned and used exclusively by the respondent, and operated solely for the purpose of transporting its logs from places where the same had been cut on respondent's land to the Columbia river.

The respondent alleged, and the court found, that the respondent tendered and paid to the treasurer of said county, before the same or any part thereof became delinquent, all real estate taxes which were or had been levied upon the said tracts or parcels of land for the years 1908, 1909, 1910, and 1911, and that respondent also tendered and paid to said county for said years above mentioned all personal property taxes which had been levied on or assessed against its personal property for said years. These last allegations, the

appellants in their answer denied, except that they admitted that respondent paid its personal taxes as therein alleged. Respondent alleged, and the court found, that the appellants unlawfully, wrongfully, and without any authority or power, and contrary to the law, assessed and levied what purported to be a tax upon or against the logging railroad of respondent lying and being across the said real estate, specifying the amounts thereof for each of said years. Appellants admitted said allegation, except that they denied that the said taxes were assessed wrongfully and without authority or power.

Appellants admit, to begin with, that the railroad, as it existed during all said years, was real estate. They contend, however, that it should have been assessed separately as improvements on the land, and that, because it was not so assessed it was not assessed at all, and that the payment of the taxes on the land did not comprehend payment of taxes on the railroad. The respondent introduced its tax receipts, showing that it paid taxes in full on the lands described for each and every one of the years in controversy, and also its tax receipts showing that it paid all personal taxes that had been assessed against it.

The claim of double taxation is not available in a court of equity, unless the party first shows that he has paid one tax before he asks to be relieved from the other. *Heath v. Mc-Crea*, 20 Wash. 342, 55 Pac. 432. This logging railroad, not being a common carrier and as such constituting a distinct and separate entity as property, and not occupying any separate and distinct right of way outside of the land upon which it was laid, was certainly real estate or improvements on real estate, the same as would be buildings or fences or other structures upon real estate. The appellants contend that merely showing the payment of the taxes upon its real estate or upon respondent's personal property for the years mentioned, as shown by tax receipts, was not sufficient; that it was necessary also for the respondent to show that it paid

the taxes that were assessed, or should have been assessed, upon the logging railroad. Appellants say:

"From none of the various tax receipts introduced in evidence can it be ascertained that plaintiff was paying upon a railroad. On the other hand the receipts read plain that plaintiff was paying on the property therein described."

Appellants have admitted in their brief that the logging railroad constitutes real estate. The tax receipts, therefore, do not show that the respondent was not paying upon a railroad. Of course, respondent admits that it has not paid the taxes which have been subsequently assessed by the taxing officers of appellant county upon this railroad as a separate entity, for that is the very gist of its action—that said taxes are illegally assessed and constitute double taxation. The assessor who assessed the property for the years in controversy is presumed to have done his duty. Rem. & Bal. Code, § 9102 (P. C. 501 § 121), provides that the assessor "shall actually determine as nearly as practicable the true and fair value of each tract or lot of real property listed for taxation and shall enter the value thereof, including the value of all improvements and structures thereon, opposite each description of property."

"The assessor in placing valuations upon property for the purpose of assessment acts in a *quasi* judicial capacity, and the law presumes that he has done his duty in a proper manner . . ." *Vancouver Water Works Co. v. Clarke County*, 55 Wash. 112, 104 Pac. 180.

In the absence of any evidence or sufficient evidence to show fraudulent, arbitrary, capricious or collusive conduct on the part of the assessor, the valuations of the assessor are final and cannot be disturbed. *Carlisle v. Chehalis County*, 32 Wash. 284, 73 Pac. 349; *Edison Electric Ill. Co. v. Spokane County*, 22 Wash. 168, 60 Pac. 132.

"Rights, easements, franchises, and appurtenances belonging to or connected with a particular parcel of land are to be considered as a part of it, for purposes of assessment, and its

value should be estimated in connection with such advantages and as enhanced thereby. So also all fixed and permanent buildings and other improvements on land are part of it and must be included in its appraised value for taxation." 37 Cyc. 1012.

We must, therefore, assume that the logging railroad in question had been assessed by the assessors for the years in controversy as part and parcel of the real estate. If it was then existent upon the land, it was as plainly discernible to the assessing officer upon examining the land as a house, tree, or fence would be. We therefore think that the attempt of the appellants to add the tax to the logging railroad for the years in question constitutes not an assessment of omitted property, but manifestly double taxation.

The judgment of the lower court was right and it is affirmed.

MORRIS, C. J., PARKER, MOUNT, and CHADWICK, JJ., concur.