[No. 13676.   Department One.   January 4, 1917.]

FRANK B. EDES, *Appellant*, v. THOMAS HALEY *et al.*,

*Respondents.*[1]

MANDAMUS—WHEN LIES. Mandamus lies only to compel the performance of clear duties that already exist, and to serve some useful purpose.

ELECTIONS—CANVASSING BOARDS—POWERS — RETURNS — STATUTES. Under Rem. Code, § 6424, imposing upon a canvassing board for an irrigation district election the usual duties of such boards to open the returns, estimate the vote, and declare the result, the board has no power to go behind the return certified by the election officers and examine the ballots.

SAME—BALLOTS—VALIDITY—CERTAINTY. Where two officers were to be elected in an irrigation district, one for a short term and one for a long term, and the ballots failed to designate the term of office for which the several candidates were nominated, the election is void for uncertainty, and evidence cannot be taken to show the intent of the voters.

[1]Reported in 162 Pac. 50.

Appeal from a judgment of the superior court for Kittitas county, Grady, J., entered May 31, 1916, dismissing a proceeding in mandamus to a canvassing board, upon striking parts of the affidavit. Affirmed.

*Short & Gleysteen* and *Hovey & Hale*, for appellant.

*Bogle, Graves, Merritt & Bogle*, for respondents.

WEBSTER, J.—The Kittitas reclamation district is an irrigation district organized under the laws of this state. Its business and affairs are conducted by a board of three directors, who hold office for three-year terms, but such terms expiring so that one new director is chosen each year. In December, 1914, no election was held and one director held over. In December, 1915, an election was held at which there were to be chosen one director for a full term of three years and one for the unexpired two years of the term for which no one was chosen the previous December. At this election, there were four candidates, viz.: Edes, Casey, Catlin, and Roseburg. No provision is made by the statute for a form of ballot to be used at such elections. At the 1915 election, the ballots used failed to designate the term of office for which the several candidates were nominated or to which they were seeking to be elected. Consequently, when such a ballot was marked and cast, there was nothing on its face to indicate which candidate was voted for for the full term and which for the unexpired term. The election returns, made and certified by the precinct election officers, stated merely that 174 votes had been cast for each Edes and Casey and 160 votes had been cast for each Catlin and Roseburg.

On December 20, the canvassing board met, examined the returns, and proceeded to open and pass upon the original ballots cast at the election and, as the result of the canvass and count so made, declared that Catlin had been elected for the full term and Roseburg had been elected for the two-year term. Thereafter, on January 4, Catlin and Boedcher, two members of the canvassing board, sitting as such, passed a

resolution by which the action of the board theretofore taken was rescinded, upon the ground that the board had exceeded its authority in going behind the certified returns, and then declared that, from the election returns as certified to the board, it could not be determined for what offices or terms the votes cast for the various candidates were intended, and that consequently there had been no election of directors for the district. Whereupon appellant instituted this proceeding in mandamus, setting forth in his affidavit the facts heretofore stated and in addition the following: That, at and prior to the time of holding the election, a large number of electors in the district desired to change the personnel and policy of the board of directors by electing men who were opposed to selling certain district bonds which theretofore had been voted; that, by common consent of the electors so disposed, appellant was nominated to oppose Catlin for the three-year term and Casey was nominated to succeed Boedcher and serve the two-year term; that the district had been divided into four election precincts and that, from the time of its organization, there had been a custom to elect one director who resided in precinct 1, one who resided in precinct 2, and one who resided in either precinct 3 or 4; that both appellant and Catlin resided in the territory embraced within precincts 3 and 4, and that both Casey and Roseburg resided in precinct 1; that the electors who voted for appellant and Casey intended to vote for appellant for the three-year term and for Casey for the two-year term, and that the precinct election officers and the members of the canvassing board knew these facts; that, notwithstanding, the canvassing board refused to declare appellant elected to the office of director for the three-year term or at all. Appellant prayed for a writ of mandate directed to the canvassing board commanding it to legally canvass the returns of the election and to declare appellant elected to the office of director for the three-year term.

Respondents moved to strike from the affidavit all of the extraneous facts heretofore set forth, viz.: The desire to change the personnel and policy of the board and the means employed to effect that change, the prevailing custom to elect directors who resided in different parts of the district, the place of residence of the various candidates, the intention of the voters in casting their ballots, and the knowledge of these facts possessed by the individual members of the board. This motion was granted upon the theory that, however pertinent such matters might be in some other form of proceeding, they had no proper place in a mandamus action. Appellant refused to file an amended affidavit and the court, on motion, treated such refusal as an election by appellant to stand on the original affidavit, and dismissed the action. Appellant brings the case here.

The sole question to be decided is whether the lower court erred in striking from the affidavit the matter indicated. Section 6424, Rem. Code, defining the duties of the canvassing board for such districts, is as follows:

"The canvass must be made in public and by opening the returns and estimating the vote of the district, for each person voted for, and declaring the result thereof."

It will be seen that the duty imposed is the one usually devolving on such boards. It is elementary that it is not the office of a writ of mandamus either to confer powers or to impose duties. It may be employed only to compel the exercise of powers or the performance of clear duties which already exist. Stated in other words, mandamus will not lie to compel a board or tribunal to do that which it could not lawfully do without such mandate. Neither will it issue to compel the performance of an act which can accomplish no useful purpose. It seems too plain to justify argument that the canvassing board under the statute quoted would have no power voluntarily to go behind the returns of election as certified by the precinct officers, and it is equally plain that, if it had such power, no useful purpose could be accomplished

by its exercise. Differing terms make different offices though the title be one. *Wilson v. Blake,* 169 Cal. 449, 147 Pac. 129, Ann. Cas. 1916D 205. The form of ballot used at the election in question renders not only the returns made by the election officers void for uncertainty, but the ballots as cast also. What possible assistance could be obtained by an inspection of such ballots? To follow appellant's contention and afford him relief based upon the existence of the facts which were stricken from his affidavit, it would be necessary for the canvassing board to sit and take evidence bearing upon the question of what was the intention of the voters in casting their ballots; or to do as appellant suggests, take into consideration prevailing customs and generally well known facts and the personal information possessed by the individual members of the board, and in the light thereof declare the results. To do this would be to hold a new election under the guise of canvassing the returns of one already held. Neither argument nor citation of authority is necessary to demonstrate that this contention is unsound.

Affirmed.

MORRIS, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.