[No. 16028.    Department One.    November 23, 1920.]

THE STATE OF WASHINGTON, *on the Relation of F. H. Godfrey, Appellant,* v. WILLIAM TURNER, *as Treasurer of Pierce County, Respondent.*[1]

MANDAMUS (1)—NATURE AND GROUNDS IN GENERAL. A proceeding in mandamus to question the validity of a tax must be sustained by reference to Const., art. 4, § 4, giving the supreme court original jurisdiction in actions involving the legality of taxes, etc., and not by reference to Rem. Code, § 1014, authorizing mandamus to an inferior tribunal or person to compel the performance of an act which the law especially enjoins as a duty resulting from an office, etc.

SAME (2)—EXISTENCE OR ADEQUACY OF OTHER REMEDY. Mandamus does not lie to compel a county treasurer to accept less than the full tax levied on property, since relator has a plain, speedy and adequate remedy at law in an action to recover the amount illegally imposed, or to enjoin the collection.

SAME (5, 13)—ACTS OF PUBLIC OFFICERS—UNLAWFUL ACTS, ETC. Mandamus will not lie to compel a county treasurer to accept less than the full tax levied on the property, since the treasurer has no discretion in the collection of the taxes levied, and the writ will not be directed against a ministerial officer whose duty is defined, to compel him to do an act he could not lawfully do without mandate.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 28, 1920, upon sustaining a demurrer to the petition, dismissing an action for a writ of mandamus. Affirmed.

*Stiles & Latcham,* for appellant.

*W. D. Askren, F. D. Nash,* and *J. A. Sorley,* for respondent.

MACKINTOSH, J.—The city of Tacoma, a city of the first class, delivered to the respondent for collection tax books, duly extended, by which there was levied a total tax on the property of the relator in the sum of

[1]Reported in 193 Pac. 715.

$45.98, for the year 1919. The relator tendered to the respondent, as county treasurer of Pierce county, the sum of $40.74, as full payment for such taxes, and demanded receipt in full therefor, which tender and demand were refused. The relator claims that $5.24 of such taxes were illegal for the reason that the city had levied a tax at the rate of 23.2 mills, whereas the lawful levy should have been 15.2 mills. It may be taken as admitted by both parties that the tax was illegal in that regard. The relator began this action in the superior court to compel the respondent, by mandamus, to accept the tender, and the respondent, demurring to the petition, an order was entered sustaining the demurrer, and from a judgment based on that order, this appeal is taken.

We have two classes of mandamus; that provided by the constitution and that provided by the statute. The statutory mandamus is found in § 1014, Rem. Code, which provides that:

"It may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

This court has held that, under this section, mandamus is "one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action." *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207. And it has been held that mandamus will not lie in civil actions involving less than $200. *State ex rel. McIntyre v. Superior Court,* 21 Wash.

108, 57 Pac. 352; *State ex rel. Gillette v. Superior Court,* 22 Wash. 496, 61 Pac. 158; *State ex rel. Wallace v. Superior Court,* 24 Wash. 605, 64 Pac. 778; *State ex rel. Bassett v. Freasure,* 39 Wash. 198, 81 Pac. 688; *State ex rel. Plaisie v. Cole,* 40 Wash. 474, 82 Pac. 749.

By art. IV, § 4, of the constitution the supreme court is given original jurisdiction in mandamus, and appellate jurisdiction in actions involving the legality of taxes, imposts, assessments, etc. It follows, therefore, that, if this action can be maintained at all, it must be maintained by virtue of the constitutional mandamus and not the statutory mandamus, and the case must be decided, therefore, by the rules applying to the former, and not those which have been laid down covering the latter. According to the authorities, these rules are more strict in the former case than in the latter.

There are two reasons why mandamus cannot lie in the present action; (1) there are other plain, speedy and adequate remedies. *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933; *State ex rel. Barbo v. Hadley,* 20 Wash. 520, 56 Pac. 29.

"The adequacy of the remedy by appeal or in the course of law is the test in all cases as to whether mandamus will lie, irrespective of the question of jurisdiction or lack of jurisdiction." *State ex rel. Bellingham v. Abrahamson,* 98 Wash. 370, 168 Pac. 3. and (2) mandamus will lie only to compel the performance of a duty so far as it relates to public officers, and will not lie to compel the performance of an act which is not enjoined by law.

Considering the first proposition, it is apparent that the relator has a plain, speedy and adequate remedy without resort to mandamus. He might pay the tax and thereafter sue to recover the amount that was illegally imposed. *Carlisle v. Chehalis County,* 32

Wash. 284, 73 Pac. 349; *Tozer v. Skagit County,* 34
Wash. 147, 75 Pac. 638; *Owings v. Olympia,* 88 Wash.
289, 162 Pac. 1019.   Or he might in an action against
the city, in which he could join the officers charged
with the collection of the tax, enjoin its collection.
*Andrews v. King County,* 1 Wash. 46, 23 Pac. 409, 22
Am. St. 136; which was an action against the county
and the county treasurer to enjoin the collection of a
fraudulent tax.   *First Nat. Bank of Aberdeen v. Che-
halis County,* 6 Wash. 64, 32 Pac. 1051, which was an
action against the county and the county treasurer en-
joining the tax on national bank stock; no question is
raised in this case as to the form of the action.   *Union
Sav. Bank & Trust Co. v. Gelbach,* 8 Wash. 497, 36
Pac. 467, 24 L. R. A. 359, which was an action against
a county treasurer regarding the interest on a war-
rant; nothing appears in the opinion indicating the
nature of the action, but plainly it was not one of
mandamus.   *Puget Sound Nat. Bank of Seattle v.
Seattle,* 9 Wash. 608, 38 Pac. 219, an action against
the city and the city treasurer to enjoin the collec-
tion of a tax on national bank shares; no question
was raised in this action as to the form.   *Knapp v.
King County,* 17 Wash. 567, 50 Pac. 480, an action
against the county, county auditor and county treas-
urer to enjoin them from levying and collecting arbi-
trary taxes; no question was raised in this case as
to the form.   *Phelan v. Smith,* 22 Wash. 397, 61 Pac.
31, an action against the treasurer to enjoin seizure of
personal property and sale for taxes.   *Northwestern
Lumber Co. v. Chehalis County,* 24 Wash. 626, 64 Pac.
787, an action against the county to restrain by injunc-
tion the enforcement of an illegal tax, in which it was
held that injunction was the proper remedy.   *Phillips
v. Thurston County,* 35 Wash. 187, 76 Pac. 993, an ac-

tion against the county and the county treasurer to enjoin the collection of a tax. *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883, action against assessor to enjoin extending excessive taxes on the rolls.

This action would appear inconsistent with the cases which we will hereafter cite relating to the proper party defendant, except that the record shows that the city of Snohomish, which was the party upon whom the duty was imposed of laying the tax, although not a party to the original proceedings, assumed the defense of the action, it thus becoming one really against the city. *Benn v. Chehalis County,* 11 Wash. 134, 39 Pac. 365, an action against the county, county treasurer and other officers to restrain the collection of a tax and to accept a lesser amount, in which the court held injunction was the proper remedy. Other forms of action than injunction have been sanctioned, for in *Miller v. Pierce County,* 28 Wash. 110, 68 Pac. 358, an action was sustained against the county to quiet title due to over-assessment; *Henderson v. Pierce County,* 37 Wash. 201, 79 Pac. 617, an action against the county to cancel excessive fraudulent taxes; *Dickson v. Kittitas County,* 42 Wash. 429, 84 Pac. 855, an action against the county of the same nature as the foregoing; and *Case v. San Juan County,* 59 Wash. 222, 109 Pac. 809, an action against the treasurer and county to abate a fraudulent tax and cancel the same upon the payment of amount tendered.

So it will appear that the extraordinary writ is not necessary in order to adequately protect the relator's interests.

Upon the second point it is to be said that, by § 9283, Rem. Code, the treasurer of a county in which there is a city of the first-class is made ex-officio collector of city taxes for such city, and as such collector he is a

subordinate ministerial officer who has no discretion, but must perform the duty of collecting taxes as they are certified to him by the assessment roll placed in his hands for collection. Mandamus lies to compel the performance of a duty, and in this case the county treasurer's duty being only to collect according to the roll in his hands, by mandamus he cannot be compelled to exercise the judicial function called upon in determining, as a matter of law, whether or not the levy made by the city was legal or illegal. The power vested in him gives him no such function, and the right to the writ of mandamus must be determined according to the duties devolving upon the officer at the time that the demand is made upon him for action, not according to what his duties may appear to be after the question is tried between the proper parties and a determination made that the assessment roll in the treasurer's hands was erroneous. The duty to keep the tax within the legal limits was a duty upon the city of Tacoma, and if mandamus would lie at all, it would lie against the city to compel it to perform its duty. It may be that, in an action so brought, the county treasurer might be joined as a proper, though not necessary, party; proper, for the reason that the final determination of the city's duty might result in an order to the city to alter the roll in the hands of the treasurer, whose duty it would then be to collect the corrected amount, and to avoid circuity of action the treasurer might be properly joined in such an application against the city, which is the real party in interest. Under the statutory form of mandamus, it has been held that, in such cases, the facts may be ascertained to determine the question of whether a duty exists the performance of which can be compelled by the writ, but a determination of those facts cannot take

place on an application for a writ directed against a mere ministerial officer whose duty is defined, irrespective of whether an error has been made by other officers or municipalities for whom he is performing a purely ministerial function. *Cloud v. Town of Sumas,* 9 Wash. 399, 37 Pac. 305, was an action by a warrant holder to recover money advanced to the credit of the defendant. It was held that the plaintiff had mistaken his remedy; that the only duty of the city was to issue the warrants, and that duty having been performed, that the duty was upon the treasurer to pay them, and that mandumus might be resorted to to compel such payment, and that in that action the legality of the warrants could be tried. This is mere dictum, and the opinion is further weakened by the fact that Chief Justice Dunbar dissented therefrom.

In *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, it was held that mandamus was the proper remedy to compel the city comptroller to certify the pay roll of a public officer and issue a warrant thereon when the salary is fixed by law and the comptroller charged with such duty refuses to perform it, and the performance of that duty would not require the exercise of judgment and discretion to determine the title of the officer to his office, and therefore the performance of the duty was enforceable by mandamus, clearly a case involving the performance of a ministerial duty.

In *State ex rel. Brown v. McQuade, supra,* which was an action arising under the statutory mandamus, it was recognized that, even under that form of mandamus, which in that case was directed to school directors, the writ would only compel them to perform their duties, although it was necessary to determine on the hearing on the writ as to what the facts were in

order to determine those duties. In *Paul v. McGraw,* 3 Wash. 296, 28 Pac. 532, it was held that:

"Writs of *mandamus* can be issued only in cases where the law specially enjoins the performance of an act as a duty resulting from an office, trust or station; and then only where there is no other plain and adequate remedy."

In *Edes v. Haley,* 94 Wash. 232, 162 Pac. 50, it was said:

"It is elementary that it is not the office of a writ of mandamus either to confer powers or to impose duties. It may be employed only to compel the exercise of powers or the performance of clear duties which already exist. Stated in other words, *mandamus will not lie to compel a board or tribunal to do that which it could not lawfully do without such mandate.*"

And so here, mandamus will not lie to compel the respondent to do something which it was not his duty to do before the determination of facts which might be presented at a hearing on the return of the writ of mandate.

In *State ex rel. Bellingham v. Abrahamson, supra,* it is said:

"Mandamus can only be issued where the law especially enjoins the performance of any duty resulting from an official trust or station, and then only when there is no other plain and adequate remedy."

In *Hodgeman v. Olsen,* 86 Wash. 615, 150 Pac. 1122, L. R. A. 1916A 739, we said:

"The action is brought against respondent in his official capacity. Mandamus will only issue against an officer in his official capacity to compel the performance of a duty imposed by law as resulting from or pertaining to his office."

See, also, *State ex rel. Rogers v. Jenkins,* 21 Wash. 364, 58 Pac. 217; *Champlin v. Carter,* 78 Okla. 300, 190 Pac. 679.

In *State ex rel. Kelly v. Plummer*, 97 Ore. 518, 191 Pac. 883, it is said:

"It is hornbook law that the writ will not issue unless it is made clear that all of the preliminaries preceding the execution of the function sought to be compelled have been completed, so that nothing is left for the defendant to do except the ministerial duty involved. Having availed himself of this extraordinary remedy of mandamus, the petitioner for the writ must show such a situation that all objections to the performance of the duty have been removed and that the defendant is confronted with the absolute obligation to perform the act sought to be compelled."

In *Security Savings Soc. v. Spokane County*, 111 Wash. 35, 189 Pac. 260, a writ of mandate was granted to compel the county treasurer to satisfy delinquent tax certificates upon the payment of a sum less than he demanded. But it will be seen that the writ was held to lie to compel the acceptance of the amount of the tax and interest which were due under the statute, it being the duty of the respondent, under the law, to accept such tender. Moreover, it will be noticed that this action was begun against the county as well as against the county treasurer. *State ex rel. McClaine v. Reed*, 29 Wash. 383, 69 Pac. 1096, was an action against the county treasurer to compel the acceptance of money tendered in redemption of certificates of delinquency. Without discussion, the court said:

"All the appellant was required to do to protect his interests was to demand a statement which the law says *shall be furnished him,* and when this was refused, to make a tender of the amount due, as near as he could ascertain that amount."

In *Hindman v. Boyd*, 42 Wash. 17, 84 Pac. 609, an application was made for a writ of mandate to com-

pel the officers of the city of Spokane to submit charter amendments to a vote of the people. In that case the defendants were allowed to raise a constitutional question in justification of their refusal to perform the duty. In other words, the court had to determine the question of law as to whether the duty existed or not before it could issue the writ.

It appears, therefore, that the respondent, having no power to perform the act requested by the relator, and no duty already existing at the time that the tender was made to him, cannot be compelled by mandamus to do that which it was not lawful for him to do without such mandate. The relator is seeking to have an error which was committed by the city in making an unlawful levy corrected, and not until such correction is made would the duty devolve upon the county treasurer to collect a reduced amount. It was not within the county treasurer's power to exercise any judicial functions and to determine the question of law as to whether the levy made by the city was legal or illegal. His sworn duty was to collect the amount of taxes shown by the certificate roll in his hands, placed there by the duly constituted authorities. The right of the relator to his writ, so far as the respondent is concerned, was dependent upon the condition of the record at the time that the tender was made. At that time the respondent's only duty was to collect according to the rolls, and it was not his duty, nor had he the right, to comply with respondent's demand, as that would call upon him to determine the validity of the tax; nor could he, in any event, determine such validity without the city of Tacoma being a party to such determination. Mandamus will not lie to compel a public officer to exceed his authority, or when he is acting in a ministerial capacity, to assume powers not delegated to him.

For both the reasons we have indicated, the action of the superior court in sustaining the demurrer and ordering the writ quashed and judgment entered accordingly was correct, and is hereby affirmed.

BRIDGES, MOUNT, and PARKER, JJ., concur.

FULLERTON, J., concurs in the result.